FERGASON v. CRAWFORD, No. 1.—148 S. W. (2d) 45.

Eastern Section.    October 26, 1940.

Petition for Certiorari denied by Supreme Court, February 1, 1941.

A. A. Kelly, of South Pittsburg, for plaintiff in error.
Raulston & Raulston, of South Pittsburg, for defendant in error.

McAMIS, J.    Plaintiff Walter M. Crawford sustained personal injuries while riding as a guest in an automobile owned and operated by the defendant Dr. J. T. Fergason as the result of a collision between the Fergason automobile and another automobile being operated by Pete Thomas.    The present action for damages was thereafter instituted against Dr. Fergason.    Thomas was not made a party to the suit.

At the trial below before the court and a jury, a verdict for $7,500 was returned.    The court suggested a remittitur of $2,500, which was accepted under protest and, his motion for a new trial being otherwise overruled, defendant has prosecuted an appeal in

error to this court. The assignments raise, as defendant's primary insistence, that plaintiff's injuries were not proximately caused by any act of negligence on the part of defendant and that the Thomas car was being operated, at the time of the collision, by Thomas who was greatly under the influence of intoxicating liquor, upon defendant's side of the highway. It is insisted that the sole and proximate cause of plaintiff's injuries was the negligence of Thomas in driving his car back and forth across the highway as he approached the point of collision and in being upon the wrong side of the highway at the time of collision, thereby placing defendant in an emergency.

The specific grounds of negligence charged in the declaration are excessive speed, failure to stop in time to avoid the collision and, in general, that defendant so operated his automobile as to proximately result in plaintiff's injuries. Under the last charge it is insisted in the brief that defendant was guilty of proximate negligence in veering his car to the left a distance of six inches at the instant the two cars were in the act of passing—that the collision would not have occurred had not defendant changed his course and had continued upon the extreme right of the traveled portion of the highway or pulled his car upon a shoulder some seven feet in width. Though it is admitted that Thomas was under the influence of liquor and subsequently paid a fine for driving while drunk, it is insisted that he was guilty of no negligence because, according to his testimony, his steering gear locked and he was unable to regain his proper side of the highway in time to avoid the collision.

Viewing all of the facts here to be stated in broad perspective, we have been driven to the conclusion that, upon the undisputed evidence, defendant was placed in an emergency not of his own creation and, measured by the standard of care exacted of one placed in such circumstances, was not guilty of any negligence which proximately resulted in plaintiff's injuries. We think the sole and proximate cause of plaintiff's injuries was the act of Thomas in zigzagging across the highway as he approached the point of collision in full view of defendant who naturally became confused but apparently did every thing possible, under the circumstances more fully stated in the footnote,[1] to escape injuring himself and avoid injuring plaintiff.

---

[1]Prior to the date of the accident, defendant invited plaintiff to accompany him upon a trip to North Carolina for the purpose of visiting a mutual cousin of the parties. They left South Pittsburg on this trip early in the morning of February 16, 1939. Prior to the collision the car was operated at a speed of about sixty miles per hour and plaintiff states that on one or more occasions he cautioned defendant about fast driving. He states that defendant would slow down when cautioned about his speed and gradually pick up speed until, at the time of the collision, he was traveling at approximately sixty miles per hour. Defendant admits driving at this rate of speed.

At the conclusion of all the evidence, the court peremptorily instructed the jury that the speed of defendant's car was not the

---

The scene of the accident was a curve on a main highway north of Athens, Tennessee. Defendant's car had just passed around a curve to the right or was in the act of emerging from the curve when the impact occurred. The highway at this point is of concrete construction eighteen feet in width and it is shown that at the immediate point of collision there is on the right side going north, as was defendant, a shoulder of clay and gravel about seven feet in width. It is not shown how far. on either side of the point of collision the shoulder continues at this width. Defendant says he did not see this shoulder, doubtless for the reason that he was watching the approaching Thomas car which was manifestly out of control. In any event, there were no guard rails on that side of the highway and, at the edge of the shoulder, was a sharp precipice leading down to a body of flood waters. From this it may be inferred that the shoulder was wet and dangerous for travel and that if defendant had been able to fully appraise the width and nature of the shoulder in the brief time intervening between his first view of the Thomas car and the collision, we think he would not be chargeable with negligence in choosing as the safer course of action staying on or close to the edge of the pavement. He says the right wheels of his car were off the pavement at the time of the collision and, though this is inferentially refuted by plaintiff's testimony, it is clear that defendant, at the time, believed that his car was already partly upon the shoulder of the highway. Upon this point, plaintiff does not undertake to specifically locate the position of defendant's car at the time of the collision but testified that the highway was eighteen feet in width or nine feet on either side of the center line and that the Thomas car was only two feet across the center line on defendant's side. It is shown that defendant's car is less than seven feet in width and plaintiff's testimony must, perhaps, be taken as material evidence supporting the view that defendant continued to operate his car upon the pavement as he approached the Thomas car though, under any aspects of the case, upon the extreme right side and at or near the edge of the pavement.

Defendant testified that he first saw the Thomas car driving on the wrong side of the highway when it was three or four hundred feet away. He first turned to the left intending to pass it on that side but the Thomas car then seemed to turn back or change its course as if intending to resume its proper side of the highway. Defendant says he then pulled his car to the right and had succeeded in getting the right wheels off the pavement when the collision occurred. Defendant admits that just at the moment of the collision he turned back to the left slightly. Plaintiff says the Fergason car "seemed" to pull to the left and he thinks the two cars were then within six inches of each other. Defendant offers no excuse for turning to the left but states that he was "mad and scared," this being, as we think, a natural state of mind of one suddenly placed in a position of peril by the grossly negligent act of another. Though not expressly so stated by defendant, another reason may be the fact that he believed, whether this was true or not, that he was already upon the shoulder of the highway and thought the safer course would be to attempt to turn back upon the pavement.

Plaintiff himself admits that the accident occurred so quickly that he could hardly tell how it occurred, and we think this must necessarily have been much the case with defendant who had only two or three seconds within which to formulate and execute a course of action best calculated to promote his own safety and that of his guest. It should be observed, in view of the inability of plaintiff to definitely locate the position of defendant's car on the highway, that all the other witnesses agree with defendant that the Thomas car took up several feet on defendant's side of the highway and that defendant's car was out on the shoulder some two or three feet, its left wheels being upon the pavement. Plaintiff admits that the Thomas car was zigzagging across the highway as it approached the point of collision.

proximate cause of the collision and that speed should not be considered as an element in determining the question of defendant's liability. No exception appears to have been taken to this charge and no error is assigned upon it by counsel for plaintiff. This leaves for consideration as a basis upon which to rest the verdict of the jury the failure of defendant to bring his car to a stop before the collision and the act of pulling his car back to the left a distance of approximately six inches as the two cars were in the act of passing. If defendant had attempted to bring his car to a stop at the speed he was traveling and at the same time resume his proper side of the highway after turning to the left thinking he might pass on that side, it cannot be said with any degree of certainty that plaintiff would have escaped injury. On the contrary, the car in which he was riding might have skidded directly into the oncoming Thomas car and, if defendant had succeeded in bringing his car to a full stop, the collision might, nevertheless, have occurred. If this had occurred plaintiff might insist, with some reason, that defendant was guilty of negligence in applying his brake and attempting to stop when he should have maneuvered his car out of the way of the Thomas car and if he had continued out upon the shoulder of the highway and injury had resulted to plaintiff it might then be insisted that he was guilty of negligence in not staying upon or close to the pavement. These circumstances and any fair and reasonable co-relation of all the surrounding circumstances as they appeared to defendant tend to the conclusion that the sole and proximate cause of the collision was the negligence of Thomas and that defendant, under the circumstances, was not guilty of negligence in the manner in which he attempted to meet and cope with the emergency and perilous situation with which he was suddenly confronted.

The measure of conduct of one so placed is clearly stated in Moody v. Gulf Refining Co., 142 Tenn., 280, 218 S. W., 817, 8 A. L. R., 1293, where the court said:

"One who in sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence."

Also pertinent here is the rule announced in Tennessee Electric Power Co. v. Hanson, 18 Tenn. App., 542, 79 S. W. (2d), 818, 822, as follows:

"When a person has been put in sudden peril by the negligent act of another, and in an instinctive effort to escape from that peril, either suffers injury himself, or does injury to a third person, the negligent act is the proximate cause of the injury, and it is immaterial that under different circumstances he might or ought to have seen and avoided the latter danger."

.A more recent authority summarizes the rule in the following language:

"The sudden emergency doctrine is not an exception to the general rule; the question is whether the defendant acted as an ordinarily prudent and careful person would have done under the same circumstances, and the emergency is one of the circumstances contemplated by the rule. If the defendant's course was one that an ordinarily prudent and careful driver put in such a position might have taken, he is relieved from liability; otherwise he is not. The driver's own judgment or impulse is not in any situation, emergent or otherwise, the law's criterion. The driver is exonerated if the course which he takes in an emergency is one which might fairly be chosen by an intelligent and prudent person. If the skidding of a car is the proximate cause of a collision, the owner or operator of the vehicle with which it came into collision is not liable even though he may have been negligent in some respects." (Italics ours) 5 Am. Jur., Sec 171 (Automobiles), p. 601.

We think it is apparent that defendant, faced with an emergency created by the act of Thomas, followed a course of action which might have been chosen by a person of ordinary care and prudence and that the proximate cause of the collision was the operation of the Thomas car out of control and upon the wrong side of the highway. Whether the Thomas car was out of control because of a broken steering gear or because the driver was drunk is immaterial. Its appearance to defendant is the controlling consideration. We are of opinion the trial court should have directed a verdict in favor of the defendant at the conclusion of all the evidence and such will be the judgment of this court. In this view of the case it becomes unnecessary to consider the other assignments of error. The assignment complaining of the refusal of the trial court to direct a verdict at the conclusion of all the evidence is sustained, the judgment below reversed and the suit dismissed with costs.

Portrum and Ailor, JJ., concur.