## THRAILKILL v. CALLOWAY (two cases).
### Nos. 775 and 776.

District Court, E. D. Tennessee, S. D.

Feb. 11, 1946.

Thomas S. Myers, of Chattanooga, Tenn., for plaintiffs.

James H. Anderson, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The plaintiffs have motions seeking an order striking the seventh defenses of the defendant's answers. The question in each case is the same and one memorandum will suffice.

The suits are for personal injuries said to have resulted from a collision of one of defendant's trains with the automobile in which the plaintiffs were riding. The complaints make allegations of negligence.

The defendant's seventh defenses are that settlement has been made with the owner of the automobile. Further charging that writings have been made wherein an agreement was recited binding the plaintiffs as having fully compromised and forever settled the damages involved, the defendant called upon the plaintiffs to produce these agreements. The plaintiffs produced the agreements.

Whether the motions to strike constitute proper procedure may be a question. The Federal Rules of Civil Procedure appear to provide for striking of pleadings or portions of pleadings by way of penalties and under Rule 12(f), 28 U.S.C.A. following section 723c, provide that upon motion "the court may order any redundant, immaterial, impertinent, or scandalous matter stricken from any pleading."

Ordinarily I would think that a portion of an answer setting up an affirmative defense requiring proof, which, if sustained, would be a defense, could not be reached by motion to strike. If there is no issue about the facts so plead in answer, then a motion for summary judgment would be proper.

However, in these cases the seventh defenses call upon the plaintiffs for the evidence itself, which evidence has been produced. Then it might be said that the agreements become a part of the answers and the defenses offered are not in fact defenses to the action. If the charges in the answers, including the agreements, do not make defenses, this portion of the answers would be immaterial and subject to *motion to strike.*

But in any event, I feel sure that the question is fairly raised, and the defendant has presented his side of the controversy.

I think that the paper writings are unambiguous and are for the Court to construe. My construction is that the writings are plainly covenants not to sue.

The person who drafted these instruments was very careful to come within the rulings of the Appellate Courts of Tennessee wherein the verbiage renders the instruments covenants not to sue. Byrd v. Crowder, 166 Tenn. 215, 60 S.W.2d 171; Fergason v. Crawford, 24 Tenn.App. 646, 148 S.W.2d 45, certiorari denied by Supreme Court 1941.

Orders will be prepared in each case striking from the answers the seventh defenses raised therein.