CHATTANOOGA ELECTRIC RY. CO. *v.* COOPER, ADM'R.

(*Knoxville.*    September Term, 1902.)

1. **PERSONAL INJURY**—Contributory negligence—Wrong action produced by sudden peril—General rule.

It is a settled law that a person placed in a position of sudden peril and injured by the negligent act of another is not barred from his action therefor because by reason of the impending danger his judgment is confused and he fails to make the most judicious choice between the means of escape from the threatened injury, and takes a wrong step, which, had he avoided, the injury would not have occurred. (*Post, pp.* 311-312.

Cases cited:   Railroad Co. *v.* Gurley, 12 Lea, 46; Marble Co. *v.* Black, 89 Tenn., 124.

2. **SAME.** Same. Same. Rule extended.

The rule above stated is not restricted to cases where the peril producing the confusion of judgment and the consequent wrong effort to escape is the negligent act of the party doing the injury, but extends to cases where, without fault himself, the person injured is placed in a position of sudden peril by a third person and absolves him from exercising that degree of care required under ordinary circumstances. (*Post, pp.* 312-314.)

3. **SAME.** Same. Same. Qualification of rule.

But, in order to entitle the injured party to invoke the rule above stated and claim immunity thereunder, he must have been without fault in placing himself in the position of peril or danger. (*Post, pp.* 313-314.)

4. **CHARGE OF COURT.** Contributory negligence—Sudden peril from act of third person—Case in judgment.

Plaintiff's intestate was killed by an electric car, in front of which he inadvertently ran in a moment of excitement while

Chattanooga Elec. Ry. Co. v. Cooper, Admr.

endeavoring to escape apparently threatened peril from a rapidly advancing automobile. There was proof tending to show negligence upon the part of the motorman, in that he was looking at the automobile instead of watching the track in front of him, and but for this, intestate would not have been killed. Defendant insisted that intestate could have avoided both the apparently threatened peril and contact with the car by turning in a different direction, and, failing in this, his own negligence proximately contributed to his death and barred recovery, even though the motorman was guilty of negligence. A special request covering this contention was refused by the trial judge, who, on this point, said to the jury: "It is true, as insisted by counsel for plaintiff in this case, that if a man is in a place of danger, and he is excited to such an extent that he can not act with sound judgment and discretion—in other words, if the automobile was upon him (the deceased), and he was excited by the situation, and did the wrong thing under the circumstances—the law would not hold him accountable, would not charge him with contributory negligence." This was assigned as error by plaintiff in error, who insisted that "a different rule applies when the danger is brought about by a third person or an independent agency."

HELD: 1st. That the rule applies even though the sudden peril causing mistake of judgment and consequent false effort to escape, was not the negligent act of defendant proximately causing the injury. 2d. But to entitle intestate to the benefit of this extension of the rule, he must have been without fault in placing himself in the position of peril or danger, which was a question for the jury, and the trial judge erred in failing to so qualify his charge by apt instructions to the jury. (*Post, pp.* 310-314.)

---

FROM HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, Judge.

BROWN & SPURLOCK, for Railway Company.

HEAD & ANDERSON, for Cooper, Adm'r.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The evidence in this case tended to prove that the intestate of the defendant in error, a very old man, in crossing one of the streets of Chattanooga, over which the plaintiff in error operated its cars by electric power, suddenly found himself in a position of apparent peril from a rapidly approaching automobile, and in attempting to escape, in a moment of alarm and excitement, inadvertently ran upon one of the tracks of the plaintiff in error, and was killed by one of its passing cars. This car was moving in a direction opposite to that of the automobile, and the evidence also tended to show that the motorman, instead of watching his car and the track in front, so as to avoid accident, had his eyes on the automobile, and was looking down the side of the car at the automobile as it passed down the street; and that, but for this, the death of Mr. Cooper would not have occurred.

In this state of the evidence it was insisted by the railway company that the deceased could have pursued another direction, whereby he would have escaped the peril that apparently threatened him, and at the same time have avoided contact with its car; and that, failing to do so, his own negligence, proxi-

mately contributing to his death, would bar a recovery, even though the motorman was also guilty of negligence. This view was pressed on the trial judge, and he was requested, but declined, to give it in charge to the jury. On the contrary, he said to the jury: "It is true, as insisted by counsel for the plaintiff in this case, that if a man is in a place of danger, and he is excited by the danger to such an extent that he can not act with sound judgment and discretion—in other words, if the automobile was upon him (the deceased), and he was excited by the situation, and did the wrong thing under the circumstances—the law would not hold him accountable, would not charge him with contributory negligence."

This is assigned for error by the railway company, the defendant below, and the plaintiff in error in this court. It is said in the brief and argument submitted by its counsel that this rule would properly have been applied if the plaintiff in error had placed the deceased in the position of danger with the result to him set forth in this paragraph, "but that a different rule applies when the danger is brought about by a third person, or an independent agency."

It is well settled by all the authorities that a plaintiff put in a place of sudden peril by the negligent act of a defendant, who, losing self-possession, takes the wrong step, and is injured, will not have such step imputed to him as contributory negligence. This rule has been recognized by this court in *Railroad Co.* v.

*Gurley,* 12 Lea, 46, and *Marble Co.* v. *Black,* 89 Tenn., 124 (14 S. W., 479).

But it is a mistake to assume, as is done by the plaintiff in error, that the application of this rule is restricted to cases where the peril producing the confusion of judgment, and the consequent false effort to escape, is the negligent act of the party creating the peril. Judge Elliott, in section 1173, vol. 3, of his work on Railroads, says: "The rule goes further than to exonerate the traveler where the peril is caused by the railroad company; for if, without fault himself, the traveler is placed in a position of sudden peril by a third person, or by some accident—as, for instance, by horses running away—he may be absolved from exercising that degree of care required of one in ordinary circumstances."

So, in section 89, vol. 1, of Shearman & Redfield on the Law of Negligence, the authors say that: "In judging of the care exercised by the plaintiff, reasonable allowance is always made for the circumstances of the case; and, if the plaintiff is suddenly put into peril without having sufficient time to consider all the circumstances, he is excusable for omitting some precautions, or making an unwise choice, although, if his mind had been clear, he ought to have done otherwise."

Judge Thompson, in his Commentaries on the Law of Negligence, in volume 1, sec. 195, thus states the rule: "One who is placed in the apparent situation

of sudden and imminent danger, without his own fault, is not, as matter of law, guilty of contributory negligence, because he acts upon appearances of danger which had not in fact existed, or fails to make the most judicious choice between the expedients which the situation presents for seeking his safety, or because he might have escaped injury had he acted differently. The obligation resting upon him to exercise ordinary care does not extend so far as to require him to act with all the care and caution which might be reasonably required of him under ordinary circumstances." To the same effect is Wharton on the Law of Negligence, section 304.

The text of each of these authors is supported by the opinions of courts of the most eminent respectability, as well as, we think, by sound reason; for to require that one in the midst of peril, or in the presence of impending danger, should act with the prudence of an ordinarily careful man under ordinary circumstances, would be to put a strain on human nature which all experience shows it would not be able to bear.

But, to get the benefit of this extension of the rule, the party injured must be without fault in putting himself in the place of peril or danger; that is, he must not recklessly or improvidently have incurred it.

But, while the plaintiff in error is wrong in this contention, yet his assignment of error is well taken, in that the trial judge failed to qualify the clause in

controversy in the manner indicated in the last paragraph above of this opinion. Whether the deceased was without fault in getting into danger was a question which should have been submitted to the jury, as it was essential in determining the main question; that is, was contributory negligence to be imputed to him, so as to bar a recovery?