MORGAN v. TREADWELL (two cases).—128 S. W. (2d) 888.

Middle Section.   December 22, 1938.

Petition for Certiorari denied by Supreme Court, April 1, 1939.

C. L. Boyd, of Waynesboro, for plaintiff in error Morgan.
R. R. Haggard, of Waynesboro, for defendants in error Treadwell.

CROWNOVER, J. These two actions were tried together, by agreement, in the Circuit Court of Wayne County, as they arose out of the same accident. Two separate transcripts, bills of exceptions, assignments of errors, and briefs were filed in this court, but as the facts and legal propositions are the same—the only difference being in the amounts of damages sustained—we have rendered only one opinion.

Mrs. Josie Treadwell sought a recovery of damages against Joe C. Morgan for personal injuries inflicted upon her by a large boar, averred to be the property of the defendant Morgan. It was averred in the declarations that the owner had previous knowledge of the vicious propensity of the animal, and permitted it to run at large.

Her husband, Grady Treadwell, sued to recover for loss of services of his wife, and hospital, medical and doctors' bills incurred by him because of said injuries.

The defendant pleaded the general issue of not guilty in each case.

The cases were tried together to a jury. At the close of the plain-

tiffs' evidence, and again at the conclusion of all the evidence, the defendant moved the court for peremptory instructions in his favor in each case, which motions were by the court overruled. The jury returned verdicts for $750 in favor of Mrs. Treadwell, and $500 in favor of Grady Treadwell, and against Joe C. Morgan.

The defendant filed motions for a new trial. On the hearing of the motions the trial judge suggested a remittitur in the sum of $250 in the case of Mrs. Treadwell, which was accepted under protest, but overruled the motions on all other grounds. Judgments were entered accordingly.

The defendant appealed in error to this court in each case, and has assigned errors, which are, in substance, as follows:

(1) There is no evidence to sustain the verdicts, and the court erred in refusing to grant peremptory instructions in favor of the defendant.

(2) The plaintiff Mrs. Treadwell was guilty of contributory negligence.

(3) The verdicts are so excessive as to indicate passion, prejudice, and caprice on the part of the jury.

The plaintiff below, Mrs. Treadwell, did not perfect her appeal in error or assign errors as to the amount of her judgment.

1. The plaintiffs, Mr. and Mrs. Grady Treadwell, and the defendant, Joe C. Morgan, live in the country, in Wayne County, about four miles apart. Between the two places is a woods in which live stock is permitted to run at large, but nobody allows male hogs to run at large.

On October 2, 1936, at about 8:30 in the morning, Mrs. Treadwell went to the spring, which was unenclosed, and about sixty or seventy yards from the house, for a bucket of water. While she was getting the water, a large hog ran towards her, foaming at the mouth. She ran into the spring house. The hog tried to break into the house. Mrs. Treadwell looked out and saw her little five year old daughter starting from the house to the spring. The hog was at the back of the spring house. Mrs. Treadwell left the spring house and ran towards the little girl. The hog ran after her, overtook her, knocked her down, and bit her on the back, the left side, on the leg, and on the knee. She called the dog, which ran the hog away.

The hog was a large sandy colored boar, that weighed between 200 and 300 pounds.

When Mr. Treadwell came home at noon, he called a doctor, who dressed Mrs. Treadwell's wounds.

As the doctor was leaving, he and Treadwell went to the spring and saw, in the fish pond, a large, vicious looking boar, of a light sand color, which Treadwell testified was the same hog he had seen at Joe C. Morgan's home six or eight weeks before.

And Treadwell testified that when he saw the hog at Morgan's it threatened to attack him, and he told Morgan about it, and Morgan

admitted, at the time, that the hog belonged to him, and stated that he would later castrate him and make meat of him.

Treadwell, when he saw the hog in the fish pond, got his gun and shot and killed the hog.

He testified that Morgan came and inquired about his wife, and said: "Reckon that was my hog?" and he said: "No reckon about it, I know it was," and Morgan said, "My hog hasn't come home," and he said, "No and he won't for I killed him . . ."

Rube Mathis, who lived in the same section, testified that in the fall of 1936, before the County Fair, there was a large sandy colored boar running at large, which threatened to attack him; that he tried to find out whose hog it was; that he asked Morgan about it, and he said it was his hog, and told him to tell Rob Whitehead to put it up and he would come for it. Mathis said he told Morgan somebody would kill the hog, as he acted as if he would fight him.

Joe Ayers and his wife testified that they had done some work at Morgan's place; that he had two male hogs, one old and one young, both sandy colored; that the old hog had tried to attack their child; that the young hog died, and they have not seen the old hog since then.

Granville Treadwell, the thirteen year old son of the Treadwells, testified that he heard the conversation between his father and Morgan in which Morgan stated that his hog had never come home and his father told Morgan that he had killed his hog.

Jim Kelley testified that he wanted to buy a pure bred red Duroc hog; that Morgan told him he had a light red hog that he wanted to get rid of because he wanted to bite; that that conversation was before Mrs. Treadwell was hurt; that he saw the hog that Grady Treadwell shot and it corresponded to the description given him by Morgan of his hog.

Dr. Norman testified that the hog that Grady Treadwell shot looked as if it wanted to attack his automobile.

Rob Whitehead testified that a big sandy colored male hog, weighing about 200 pounds, had run him into his house some time in September or October, 1936; that Morgan sent word to him to put up the hog; that it was about his place the night before Mrs. Treadwell was hurt.

Grady Treadwell saw this hog the evening before he injured Mrs. Treadwell. Granville Treadwell saw him at the school house the day before. Alvin Dickey saw him the week before, and he wanted to fight.

The testimony of the defendant and his witnesses was that he did not own such a hog; that he owned only one male hog, a young hog about a year old, weighing about 130 pounds, a pure bred Duroc hog, with one crooked leg and marks on its ear; that this young hog had a peaceable disposition.

Morgan denied having the conversation with Treadwell about the hog, as testified to by Treadwell.

The defendant insists that the hog that Grady Treadwell killed was not identified as the hog that attacked Mrs. Treadwell; that Mrs. Treadwell did not see the hog killed by him, when he shot it or afterwards.

But several witnesses testified that a large sand colored boar had been running at large in this community for weeks and threatening people, and since Grady Treadwell killed such a hog it is not shown that any other dangerous hog has been seen in that community.

Mrs. Treadwell's description of the hog that injured her corresponds to that of the hog that was killed, and also to the description of the dangerous hog that had been running at large.

It was a question for the jury whether it was the same hog, and the jury has found that it was the same hog.

The judge charged the jury that it must first determine whether Morgan owned the hog that injured Mrs. Treadwell, and, second, whether Morgan knew, or by the exercise of reasonable diligence should have known, that this hog was of a vicious disposition.

The jury by its verdict found that Morgan owned the hog and knew that it was vicious, and was permitting it to run at large.

There was evidence to sustain the verdict of the jury.

The defendant Morgan was liable if he knew that this boar was vicious and would attack people, and permitted it to run at large. Ingham on Animals, sec. 94; Johnston v. Mack Mfg. Co., 65 W. Va., 544, 64 S. E., 841, 24 L. R. A. (N. S.), 1189, 131 Am. St. Rep., 979; 1 Thompson on Negligence, sec. 846; Missio v. Williams, 129 Tenn., 504, 510, 167 S. W., 473, L. R. A. (1915A), 500; Sherfey v. Bartley, 36 Tenn. (4 Sneed), 58, 67 Am. Dec., 597.

2. Mrs. Treadwell was not guilty of contributory negligence in exposing herself to danger in order to protect her little five year old daughter. At most it was a question for the jury.

"One is not guilty of contributory negligence in exposing himself to danger of injury in order to rescue another from imminent danger of personal injury or death, if, under the same or similar circumstances, an ordinarily prudent person might have so exposed himself." 45 C. J., 966, sec. 520; Mobile & O. R. Co. v. Ridley, 114 Tenn., 727, 86 S. W., 606, 4 Ann. Cas., 925; Doyle v. Chattanooga, 128 Tenn., 433, 161 S. W., 997, Ann. Cas. (1915C), 283; L. R. A. (1917F), 104.

But this rule does not ordinarily apply where the danger is incurred to save property. 45 C. J., 968, sec. 52; Chattanooga Light & Power Company v. Hodges, 109 Tenn., 331, 70 S. W., 616, 60 L. R. A., 459, 97 Am. St. Rep., 844.

It seems that the court did not instruct the jury on contributory negligence, but this was unnecessary in the absence of special requests on the subject. Hamilton v. Carter, 14 Tenn. App., 337.

The jury having resolved the matter in favor of the plaintiff below, this assignment must be overruled.

3. The judgment for $500 for Mrs. Treadwell is not excessive. She sustained four or five serious wounds. She was in bed four or five months, and on crutches eight months. About seven weeks after the injuries were inflicted it became necessary for her to go to a hospital for an operation on one knee. This knee still pains her, and the doctor testified that her knee was permanently injured.

The verdict for $500 in favor of Grady Treadwell is not excessive. The doctor bill was $235, and the hospital bill was $75, and he lost his wife's services for almost a year.

It results that all the assignments of errors are overruled and the judgments are affirmed. Judgments will be entered in this court against Morgan, one in favor of Mrs. Josie Treadwell for $500, and the other in favor of Grady Treadwell for $500, with six per cent. interest on each judgment from May 17, 1938 to the present.

The costs of the causes that accrued in the lower court are adjudged against Morgan. The costs of the appeal in each case are adjudged against Morgan and the sureties on his appeal bond.

Faw, P. J., and Felts, J., concur.