# Moore *v.* Bell *et al.*

## (*Knoxville*, September Term. 1948.)

Opinion filed December 11, 1948.

JAMES L. WITT, JR., and LESLIE BASS, both of Knoxville, for plaintiff in error.

HODGES & DOUGHTY, A. J. HARTMAN, and SINGLETON M. McGHEE, all of Knoxville, for defendants in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents an action in damages for malpractice brought by plaintiff, Minnie Moore, as administratrix of the estate of her deceased son, against the defendants Bell and Gammon, who were physicians and surgeons, and charged with the professional care of the son at the time of his death. The original declaration was met by a motion to make more specific allegation, inter alia, of the cause of the death of the son, who, according to the declaration, died in the office of defendant Bell a very short time after an operation performed by Bell in the presence of Gammon. The son never regained consciousness after the operation, and the original declaration alleged ''while unconscious under the effects of the anesthetic and the operations, began to suffer discomfort and blood appeared from the nose and mouth, resulting in the death of the Defendants' patient.''

The learned Trial Judge sustained the motion to make more specific allegations of the cause of death, and thereupon the plaintiff filed an amendment to the declaration which may be summarized as follows:

That the defendants were negligent in that they failed to take a case history of the decedent before performing the operation; in that they failed to make a preoperative examination of the decedent to determine whether the decedent could successfully undergo an operation; to make or cause to be made, an examination of decedent's heart; to take decedent's blood pressure; to take a blood count; to make a test of decedent's blood especially for bleeding; to make or cause to be made a urinalysis; to make necessary and proper examination to determine the type of anesthetic that was suitable to be used; to properly observe the decedent while under the influence of the anesthetic which defendants had administered; to take all necessary care and precaution to prevent the loss of blood during and after the operation; to provide necessary care and post-operative observation and attention of their patient, and finally, the amendment alleged that "the said acts of negligence, singly, jointly and collectively, caused the death of the decedent."

After the filing of this amendment to the declaration, motion was then made by the defendants to dismiss for failure to allege with "particularity the specific cause of the death of the intestate of the Plaintiff." The motion to dismiss was sustained on the following ground:

"The original declaration and the additional averments filed on the 26th day of August, 1948, do not declare in the language of the medical profession the cause of death of plaintiff's intestate, and the Court accordingly is of the opinion that the said motions to dismiss should be sustained, . . ."

From the dismissal of her suit, the plaintiff has appealed and assigned errors. We think the assignments are valid and must be sustained. The action of the Trial

Judge in requiring the plaintiff to couch her declaration in the technical language of the medical profession was erroneous and inconsistent with our statutes and decisions providing for liberal and nontechnical pleading. By them, a declarant is not only freed from the necessity of couching his declaration in the technical language of the medical profession, but is also freed, so far as possible, from the necessity of using the technical language of the law.

"All pleadings shall state only material facts, without argument or inference, as briefly as is consistent with presenting the matter in issue in an intelligible form." Code sec. 8726; *Cotton Oil Co.* v. *Shamblin*, 101 Tenn. 263, 270, 47 S. W. 496.

"These wise and wholesome provisions, based on the sound principle that the rights of litigants are not to be sacrificed *to mere technical verbiage*, or set forms of words, but are to be ascertained by the courts upon the statement of material facts in an intelligible form, it is the duty of this court fairly to enforce according to the true intent and meaning of the Legislature, which has complete control over the forms and modes of proceeding by which civil rights are to be administered in our courts." *Evans* v. *Thompson*, 59 Tenn. 534, 536. (Italics ours.)

Since it is the settled purpose of our law to decide rights speedily and on the basis of substance, not form, neither motions to dismiss nor other dilatory pleas are favored, and the declaration will be saved from their effect if possible. *Anderson* v. *Mulenix*, 73 Tenn. 287.

"In view of the settled rule of practice that every reasonable intendment must be made in favor of a pleading when challenged by a demurrer, the court is of the opinion

that the declaration states a cause of action which the plaintiff is entitled to have tried on the merits." *Jackson v. B. Lowenstein & Bros., Inc.*, 175 Tenn. 535, 542, 136 S. W. (2d) 495, 497.

■ Demurrers for formal defects have been abolished entirely in Tennessee, Code secs. 8709, 8784, and motions to strike by which they have been replaced, are construed most strongly against the movant. This rule applies with special reason to a case where, as here, a mother sues not as knowing the facts, but in a representative capacity, for the wrongful death of her son.

". . . it is often impossible for the plaintiff to know with any degree of precision what his proof will be, and in most cases of that kind the specification might embarrass him on the trial, and that this is especially true where the plaintiff sues in a representative capacity, as in actions for death by wrongful act, since he is ordinarily obliged to obtain his evidence and facts from sources other than his own personal knowledge . . ." *Williams* v. *Chattanooga Iron Works*, 131 Tenn. 683, 697, 176 S. W. 1031, 1035, Ann. Cas. 1916B, 101.

In conclusion, it is proper to state that if supported by the weight of the evidence, several of the averments of negligence in the amendment to the declaration would warrant a recovery. In view of our disposition we make no finding, but if the proof shows that one or several or all the averments of negligence caused the death of plaintiff's intestate, she would be entitled to recover. *Burnett* v. *Layman,* 133 Tenn. 323, 181 S. W. 157; *Lewis* v. *Casenburg,* 157 Tenn. 187, 7 S. W. (2d) 808, 60 A. L. R. 254; *Casenburg* v. *Lewis,* 163 Tenn. 163, 40 S. W. (2d) 1038; *Haskins* v. *Howard,* 159 Tenn. 86, 16 S. W. (2d) 20.

■ The chief reason given to justify the action of the Judge in requiring the plaintiff to make the allegations of

the declaration more specific is that the opposite party may so have knowledge of the charge against him. However, where as here, the greater knowledge is in the opposite party, less certainty is required in the declarant. *Smith* v. *Wilkinson*, 45 Tenn. 157, 158.

Reversed and remanded for entry of an order overruling the motion to dismiss and for further proceedings consistent with this opinion. The defendants will pay the costs.

All concur.