HOLLAND BROTHERS ELECTRIC COMPANY

*v.*

M. W. KELLOGG COMPANY.

(*Nashville,* December Term, 1958.)

Opinion filed July 27, 1959.

On Petition for Rehearing September 3, 1959.

Robert Buckalew, Memphis, for plaintiff in error.

Laughlin, Watson & Creson, Memphis, for defendant in error.

354

Mr. Chief Justice Neil delivered the opinion of the Court.

The Holland Brothers Electric Company sued the M. K. Kellogg Company for damages for breach of contract. The defendant demurred to the declaration, and the same was sustained by the trial judge. An appeal was prayed and granted to this Court.

The plaintiff's declaration charges that on the 2nd day of January, after extended negotiations, the plaintiff and the defendant entered into an agreement; "that on or about the 28th day of March, 1958, the plaintiff and the defendant caused the terms and conditions thereof to be reduced to writing for execution by the parties; that the plaintiff complied with its part of the contract and executed the contract and forwarded it to the defendant's general office in New York; that the defendant notified the plaintiff by wire to begin compliance with the con-

tract; copies of the said contract and wire, *here to the Court shown.*

"That therein the defendant on his part agreed to pay the plaintiff in the following manner: Costs, plus 10% of the gross wages for profit plus 15% of the gross wages for overhead; that the contract's total wages would have been no less than $10,000.00; or a profit of no less than $1,000.00.

"That the plaintiff further avers that on the basis of this agreement and in *contemplation of the contract,* the plaintiff employed a skilled electrician for the job at a cost of $130.00 per week and kept said electrician on his payroll for fourteen weeks, thereby damaging the plaintiff an additional $1,820.00. (Emphasis supplied.)

\*    \*    \*    \*    \*    \*

"That the plaintiff on his part has duly performed all the terms and conditions of said agreement by him to be performed; and that the plaintiff, on his part has ever been and still is, ready and willing to perform said agreement.

"That the defendant not only disaffirmed the contract on or about the 23rd day of April, 1958, but employed another electrical contractor to do precisely the same job for which the plaintiff was employed."

The demurrer to the foregoing declaration is, as follows:

"Comes now the defendant, M. W. Kellogg Company, and demurs to the Declaration filed herein against it, and for cause thereof says:

"That it affirmatively appears from the Declaration and exhibits thereto that the plaintiff has no right or cause of action against the defendant for the reason that the Declaration shows on its face that no contract was entered into between the parties."

The demurrer was sustained by the trial judge, whereupon the plaintiff moved the court for leave to amend the declaration. The motion was sustained and the plaintiff was allowed "twenty (20) days therefor, *or failing therein, the plaintiff's suit shall be dismissed*" at plaintiff's cost. (Emphasis supplied.)

Following that order of the court the plaintiff tendered an amendment to the declaration as follows:

"That on or about the 2nd day of January, 1958, after extended negotiations, the defendant, acting through its agent, Robert Martin, and the plaintiff acting through its agent, Ocie M. Holland, entered into an agreement; that on or about the 28th day of March, 1958, the plaintiff and the defendant caused the terms and conditions to be reduced to writing by the parties; that the plaintiff complied with its part of the contract and executed the contract and forwarded it to the defendant's general office in New York; that the defendant notified the plaintiff by wire to begin compliance with the contract, provided that certain conditions be met; that the plaintiff avers and alleges that it complied with the said conditions which the defendant specified; copies of said contract and wire here to the Court shown."

The defendant moved the court to strike the amendment on the ground that it was not filed within the twenty

days allowed by the court, and to dismiss the plaintiff's suit. In response to this motion the court entered the following order:

"It further appearing to the Court that the plaintiff failed to amend its Declaration within the twenty (20) days allowed by the Court, the Court is of the opinion that the amendment filed thereafter comes too late and is subject to be stricken; and

"The Court, upon further consideration, is of the opinion that, having sustained defendant's demurrer on July 11, 1958, plaintiff's motion to amend made July 14, 1958, came too late."

The plaintiff's suit was accordingly dismissed. The case was thereupon appealed to this Court, and assignments of error filed as required by the rules.

The sum and substance of these assignments is that the trial judge erred (1) in sustaining the demurrer; it was error because "the declaration conveys a reasonable certanity of meaning"; (2) it was error for the court to consider certain exhibits, that is a written contract and a telegram because these exhibits "profert of which had been made in the declaration, were not incorporated in the pleadings as exhibits or otherwise"; (3) the court erred in striking the amendment to the declaration and dismissing the suit.

The case is here on the technical record. There is no written contract in the record, or any "wire" from either party relating to the contract, otherwise than as appears in the amendment which was ordered stricken for the reasons heretofore mentioned.

358

■ In considering the demurrer the trial court as shown by a minute entry (as of July 11, 1958), said this: "This cause came on to be heard *on the Declaration of plaintiff and exhibits thereto* * *."  (Emphasis ours.) The defendant did not *crave oyer* of said exhibits. This being true they were not a part of the declaration. History of a Lawsuit (7th Ed.) Section 200, Gilreath's Revision. But it appears conclusively from the record that the declaration did not state a cause of action; that the parties were only negotiating with reference to terms of an agreement. This being the situation, the plaintiff moved to amend the declaration so as to charge additional facts as shown in the amendment heretofore copied in this opinion.

■ While the contract relied on by the plaintiff was exhibited in the trial court, and discussed by counsel and the judge, we cannot grant the defendant's motion for diminution of the record to bring up these documents for our consideration for the reason that pleadings cannot be amended in this Court so as to permit the defendant to *crave oyer,* even though it may be desirable to do so. Moreover the exhibits might present a dispute as to facts or conclusions to be drawn from the facts.

It is immaterial that the trial judge recited in his judgment sustaining the demurrer that he considered exhibits, etc. He held, and correctly so, that the declaration required an amendment. The plaintiff's counsel was thereupon, *at his request,* granted twenty days in which to amend.

■ It is here conceded that under the rule of the common law exhibits to a declaration are never consid-

ered a part of it in the absence of defendant's formal *craving of oyer*. Nor can it be denied that demurrers are not favored by the law. This rule is thus correctly stated in *Byrd v. Pioneer-Jellico Coal Co.*, 180 Tenn. 396, 175 S.W.2d 542:

"A demurrer admits all allegations of the challenged pleading, and generally is not favored and will be overruled if, by any fair and reasonable intendment, the pleading challenged states, however inartificially, a good case."

■ The turning point in the case is the failure of the plaintiff to amend his declaration within the twenty-day period allowed by the court. There is no insistence here that the time was not sufficient in which to prepare and file the amendment. Furthermore no reason was given why the plaintiff did not comply with the order of the court.

■ We think the order of the trial court on July 11, 1958, was final. On its face the court showed a willingness to open the door for an appropriate amendment, *provided it was tendered within twenty days*. The plaintiff could not file it thereafter as a matter of right. Whether or not it could be filed after a lapse of twenty days was within the sound discretion of the trial judge.

In *Grizzard v. Fite*, 137 Tenn. 103, 191 S.W. 969, L.R.A. 1917D, 652, the plaintiff sued the defendant for damages for breach of contract. The defendant plead in abatement charging a prior suit had been filed in the Chancery Court to rescind the contract on the ground of fraud. The plaintiff demurred to the plea which was overruled and the suit dismissed.

One day after the ten days allowed to file an amendment had elapsed the plaintiff filed her amended declaration averring fraud and deceit. The defendant's motion to strike was sustained and the suit dismissed. In affirming this ruling by the trial judge, this Court held:

"Where plaintiff's case is dismissed by order allowing amended declaration within a certain time, an amended declaration filed after such time may be stricken; since plaintiff could acquire a *status* in court subsequent to such dismissal only by permission of the trial judge and upon the conditions prescribed by him."

This ruling was overruled by us in *Barnes v. Walker*, 191 Tenn. 364, 234 S.W.2d 648, 651, wherein it was held that the rule "in the opinion of the members of this court, is contrary to justice, when applied to the alleged facts of the instant case".

The direct point at issue in *Barnes v. Walker*, supra, was, having commenced an action for conversion on the part of Barnes, the taking of a voluntary non-suit "did not amount to an irrevocable election which precluded this subsequent suit instituted by Barnes to recover the purchase money which he had already paid under the conditional sales contract in question."

■ The overall result of our holding in *Barnes v. Walker* is that the rule announced in *Grizzard v. Fite*, supra, will not be followed when, to disallow an amendment seasonably offered, works an injustice in a given case.

■ Considering its application to the facts in the case at bar we think the trial court should be sustained

because it does not affirmatively appear that he abused his discretion in disallowing the amendment. When the plaintiff is given ample time within which to file an amendment to the declaration, as in the instant case, and no reasonable excuse is offered for his delay in complying with the order of the court, his action in disallowing said amendment because it was not filed in time, should not be made the basis for complaint in this Court as constituting reversible error.

The assignments of error are overruled, and the judgment of the trial court is affirmed.