GEORGE ROBERT RUTH, Plaintiff in Error,

*v.*

DEAN A. RUTH, Defendant in Error.

372 S. W. 2d 285

(*Knoxville,* September Term, 1963.)

Opinion filed November 6, 1963.

HUGH P. GARNER, MORGAN & GARNER, Chattanooga, for plaintiff in error.

J. THOMAS MANN, and FOLTS, BISHOP, THOMAS, LEITNER, & MANN, Chattanooga, for defendant in error.

MR. JUSTICE HOLMES, delivered the opinion of the Court.

The questions presented in this case are whether or not the declaration of the plaintiff states a cause of action for negligence against the defendant, and whether or not the declaration shows on its face that the plaintiff was guilty of proximate contributory negligence as a matter of law. The parties will be referred to as they appeared in the Trial Court. The Trial Judge sustained defendant's demurrer to the declaration. The plaintiff has duly perfected his appeal to this Court. The declaration, insofar as it is material to the questions presented, states:

"Plaintiff would show that on or about July 24, 1962, while an invitee and guest on the aforementioned premises, and at the approximate hour of 9:00 P.M., the defendant, Dean A. Ruth, . . . . . did, while cleaning and repairing an outboard motor, negligently cause the motor and cleaning fluid to catch on fire. At the time the fire erupted, plaintiff was in an adjoining room, and when he heard cries for help from the defendant, Dean A. Ruth, he rushed into the room to find it and himself engulfed in flames, at which time he saw the defendant standing in the room holding a burning outboard motor, and the defendant himself on fire, crying for help. The plaintiff, in an attempt to rescue the defendant, and to take himself from the perilous predicament he then found himself in, began to move through the room to the nearest exit, at which time a pan of gasoline sitting in the floor and near his path, caught on fire and was either knocked over by the plaintiff, or exploded, causing burning gasoline to cover the plaintiff's body, thereby causing plaintiff serious and permanent injuries".

The declaration further alleges:

"Plaintiff avers that the accident and his resulting injuries resulting from defendant, Dean R. Ruth, negligently and carelessly using a highly volatile substance in the cleaning and repair of the outboard motor, and did negligently cause the motor to give off sparks and ignite the substance and/or strike the motor in such a manner as to cause the motor to give off sparks into the substance.

"Plaintiff avers that the defendant, Dean A. Ruth, was negligent in leaving gasoline and/or a highly volatile substance lying about the room in open container."

The declaration further states that plaintiff's injuries were proximately caused by the negligence alleged against the defendant and that the plaintiff himself was guilty of no negligence. To this declaration, the defendant filed a demurrer upon the grounds that the declaration does not allege any negligence on the part of the defendant, and that the declaration shows on its face that the plaintiff was guilty of proximate contributory negligence as a matter of law.

It is the contention of defendant that the averments of the declaration are merely legal conclusions supported by no factual allegations, and that the declaration only sets forth a mere happening of an incident from which no negligence can be presumed.

The basic requisites of pleadings are stated in T.C.A. sec. 20-702, as follows:

"Any pleading possessing the following requisites is sufficient: (1) When it conveys a reasonable certainty of meaning; (2) when, by a fair and natural construction, it shows a substantial cause of action or defense."

■ Every reasonable intendment must be made in favor of a pleading when it is challenged by demurrer. *Jackson v. B. Lowenstein & Bros., Inc.,* 175 Tenn. 535, 136 S.W.2d 495, 497; *Moore v. Bell,* 187 Tenn. 366, 369, 215 S.W.2d 787, 789; *United States Fidelity & Guaranty Co. v. Elam,* 198 Tenn. 194, 206, 278 S.W.2d 693, 698; *Holland Bros. Electric Co. v. M. W. Kellogg Co.,* 205 Tenn. 352, 359, 326 S.W.2d 649, 652.

■ The three elements necessary to the existence of a cause of action for negligence are:

1. A duty of care owed by the defendant to the plaintiff.

2. A failure on the part of the defendant to perform that duty.

3. An injury to the plaintiff resulting proximately from the defendant's breach of that duty of care.

*De Glopper v. Nashville Railway & Light Co.,* 123 Tenn. 633, 134 S.W. 609; *Mullen v. Russworm,* 169 Tenn. 650, 90 S.W.2d 530; *Nichols v. Smith et al.,* 21 TennApp. 478, 111 S.W.2d 911.

■ A declaration containing mere allegations of legal conclusions of the defendant's negligence, without stating the ultimate facts constituting the negligence, is bad on demurrer. *Cotton Oil Co. v. Shamblin,* 101 Tenn. 263, 47 S.W. 496; *Cumberland Telephone & Telegraph Co. v. Cook,* 103 Tenn. 730, 55 S.W. 152; *Drake v. Hagan,* 108 Tenn. 265, 67 S.W. 470; *White v. Nashville, C. & St. L. Railroad,* 108 Tenn. 739, 70 S.W. 1030.

■ Applying the foregoing well settled rules to the case at bar, it appears that the declaration alleges that

the plaintiff was an invitee upon the premises of the defendant. The law places the duty upon the person in control of premises to exercise reasonable and ordinary care under the circumstances not to cause injury to an invitee. The declaration further alleges that the defendant, while cleaning an outboard motor with gasoline, or some other highly volatile substance, left such substance lying about the room in an open container and caused the outboard motor to give off sparks and ignite the substance. The declaration further alleges that plaintiff sustained injuries are a proximate result of this conduct on the part of the defendant.

■ We conclude that, when given a fair and natural construction, the averments of the declaration are sufficient to state a cause of action for negligence. The declaration alleges sufficient ultimate facts to justify a finding that the defendant owed a duty to exercise reasonable and ordinary care not to cause injury to the plaintiff, that he breached this duty by causing the outboard motor to give off sparks at a time when he was using a highly volatile substance on the motor and had this substance in an open container in the room, thus causing the substance to become ignited and cause plaintiff's injuries.

This leaves the question of whether or not the declaration shows proximate contributory negligence on the part of the plaintiff as a matter of law. In this connection, plaintiff, in his brief, relies upon the "sudden emergency doctrine" and upon the "rescue doctrine".

In *Railroad Co. v. Ridley,* 114 Tenn. 727, 86 S.W. 606, the plaintiff's decedent was killed by a moving train of the defendant after having left a place of safety and

gone upon the tracks of the defendant in front of the approaching train in an effort to rescue a little boy who was standing on the track unaware of the approach of the train. In applying the rescue doctrine to the facts of that case, this Court stated:

"The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons. For a person engaged in his ordinary affairs or in the mere protection of property knowingly and voluntarily to place himself in a position where he is liable to receive a serious injury is negligence which will preclude a recovery for an injury so received; but when the exposure is for the purpose of saving life it is not wrongful, and therefore not negligence, unless such as must be regarded as either rash or reckless." 114 Tenn. at 734, 86 S.W. at 608.

In *Morgan v. Treadwell,* 23 Tenn. App. 100, 126 S.W.2d 888, it is stated:

"One is not guilty of contributory negligence in exposing himself to danger of injury in order to rescue another from imminent danger of personal injury or death, if, under the same or similar circumstances, an ordinarily prudent person might have so exposed himself." 23 Tenn. App. at 104, 128 S.W.2d at 890.

This is but another way of saying that the courts recognize that a reasonably and ordinarily prudent person may expose himself to danger in an effort to protect human life, and, if a plaintiff so exposes himself to danger under such circumstances as a jury finds a reasonably and ordinarily prudent person would so expose himself,

then the conduct of the plaintiff does not break the legal chain of causation, and the negligence of the defendant may be found to be the proximate cause of plaintiff's injury. See also *Williams v. Morristown,* 32 Tenn. App. 274, 222 S.W.2d 607, the reasoning and conclusions of which opinion were expressly concurred in by this Court in *Williams v. Morristown,* 189 Tenn. 124, 222 S.W.2d 615.

The sudden emergency doctrine was applied in *Marble Company v. Black,* 89 Tenn. 118, 14 S.W. 479, in which the Court stated:

"That the deceased, in the excitement of the moment, lost his presence of mind, and in an honest effort to save his life, by mistake pursued the course to lose it, is no excuse for the negligence of the defendant which caused the disaster." 89 Tenn. at 125, 14 S.W. at 480.

This doctrine was stated in the following language in *Chattanooga Electric Ry. Co. v. Cooper,* 109 Tenn. 308, 70 S.W. 72, as follows:

"It is well settled by all the authorities that a plaintiff put in a place of sudden peril by the negligent act of a defendant, who, losing self-possession, takes the wrong step, and is injured, will not have such step imputed to him as contributory negligence." 109 Tenn. at 311, 70 S.W. at 72.

In *Tennessee Electric Power Co. v. Hanson,* 18 Tenn. App. 542, 79 S.W.2d 818, the Court stated the sudden emergency doctrine as follows:

"It is well settled in this state, and in many other jurisdictions, that one who through the negligence of another, and not through his own negligence, suddenly

finds himself in a position of peril and is compelled to act instantly to avert an injury to himself, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice.'' 18 Tenn. App. 549, 79 S.W.2d at 822.

See also *Fergason v. Crawford*, 24 Tenn. App. 646, 148 S.W.2d 45.

■ It thus appears that, if under the rescue doctrine, the plaintiff was not guilty of negligence in responding to the cries for help from the defendant, then he would be entitled to the benefit of the sudden emergency doctrine in determining whether or not he acted negligently in his attempt to extricate him and the defendant from the perilous situation in which he found himself upon entering the burning room.

The defendant contends that the rescue doctrine is not applicable to this case because the suit is brought against the person being rescued and not against a third person alleged to be guilty of negligence. It is his contention that the rule is to be applied in third party situations only.

■ We can see no validity to this distinction. The fact that the rescued is alleged to be the negligent party does not affect the cause of action of the rescuer. The law would recognize the same regard for human life and safety regardless of whether or not the party being rescued was the one guilty of the negligence creating the danger to life.

■ In view of the authorities cited above, the question of proximate contributory negligence, under the facts

and circumstances pleaded in the declaration, is one for the jury to determine.

It results that the Trial Court was in error in sustaining the defendant's demurrer. The cause is remanded for further proceedings. The costs of the appeal are adjudged against the defendant. The costs of the Trial Court will abide the final determination of the cause.