[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The airport administrator at the Danbury Municipal Airport (hereafter "Estefan"), instituted this action in negligence against John A. Rolls and his son, Jason A. Rolls, as a result of an accident in which Estefan rescued John A. Rolls from a burning airplane. Estefan alleges that on or about August 4, 1997, John A. Rolls operated a Piper airplane in a negligent manner so as to cause the plane to crash at the Danbury Municipal Airport. CT Page 4714
In count one of his revised complaint, Estefan alleges, inter alia, that John A. Rolls failed to properly maintain the airplane, to keep the airplane under reasonable control, to turn on the fuel selector, and land the airplane on the runway. He continues that, as a result of John A. Rolls' negligence, he sustained physical injuries when he pulled him from the burning plane. He further alleges that he has been restricted to permanent light duty employment and will lose his pilot's license, thereby limiting his earning potential. Estefan asserts in count two of his complaint that his losses were caused by the negligence of John whose negligence can be attributed to Jason as owner of the airplane. Jason allegedly failed to: (a) warn of carburetor problems, (b) ensure that John A. Rolls would inspect the aircraft prior to take off, and (c) ensure proper maintenance of the aircraft.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580
(1997). "A motion to strike admits all facts well pleaded." Parsonsv. United Technologies Corp., 243 Conn. 66, 68 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 580.
John argues that Connecticut does not recognize a claim in negligence asserted against a party who was rescued. He argues that our courts have recognized claims of negligence asserted by a rescuer against a negligent third party who has created the peril, and the rescuer is injured when attempting to rescue the victim. He further argues that, as a matter of public policy, the firefighter's rule is a bar to Estefan's recovery.
As a point of departure, both parties invoke the "rescue doctrine," as formulated by Justice Cardozo in 1921, and first applied by our courts in 1940. See Cote v. Palmer, 127 Conn. 321 (1940).[1] John argues that our courts have not yet recognized claims in which the rescue doctrine allows the rescuer to hold the rescued victim culpable. An extensive search of Connecticut case law, however, has not revealed any case in which a court has held that the rescue doctrine would not apply to claims by a rescuer against the rescued. Conversely, Estefan cites to several cases from other jurisdictions where courts have held that a rescued victim may be found liable for the injuries of the rescuer. CT Page 4715
In Provenzo v. Sam, 23 N.Y.2d 256, 244 N.E.2d 26, 28 (1968), the New York Court of Appeals acknowledged that "[t]he normal situation where the [rescue] doctrine has been applied is where three persons are involved, i.e., one party by his culpable act has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his aid." However, the court went on to state that "the doctrine has been expanded to encompass a two-party situation where the culpable party has placed himself in a perilous position which invites rescue." (Emphasis in original.) InProvenzo, the plaintiff observed the intoxicated driver's car meandering about the highway. When the driver's car crashed, the plaintiff, believing the driver had a heart attack, crossed the highway to rescue her and sustained serious injuries. The Provenzo
court invoked the rescue doctrine and found that the plaintiff was not contributorily negligent, but rather he acted as a reasonable person under the circumstances. Similarly, in Carney v. Buyea,271 App.Div. 338, 65 N.Y.S.2d 902 (1946), the court found that the rescued defendant was liable for the injuries of the plaintiff who rescued her when the car she had negligently parked rolled toward her. In yet another jurisdiction, the court found that there is no distinction to be made between a negligent rescued party and a negligent party who has created the need for a victim to be rescued. "The law would recognize the same regard for human life and safety regardless of whether or not the party being rescued was the one guilty of the negligence creating the danger to life." Ruth v. Ruth,372 S.W.2d 285 (Tenn. 1963).
This court, similarly, does not find a distinction between an allegedly negligent rescued party and a third party who negligently creates the situation in which a victim must be rescued. In both situations, the regard for human life is the same and the negligent party owes a duty to the rescuer. "`The wrongdoer may not have foreseen the coming of a deliverer. He is accountable as if he had. . . .'" Zimny v.Cooper-Jarrett, Inc., 8 Conn. App. 407, 411-12 (1986), quoting Wagnerv. International Railroad Co., 232 N.Y. 176, 180, 133 N.E. 437 (1921).
Here in Connecticut, our Supreme Court has held that "[b]ecause firefighters knowingly engage in a dangerous occupation, we have concluded that they are owed only the limited duty owed to licensees by landowners upon whose property they sustain injury in the course of performing their duty." Lodge v. Arett Sales Corporation,246 Conn. 563, 580 (1998), citing Furstein v. Hill, 218 Conn. 610,615 (1991). The Furstein court extended the firefighter's rule to include police officers "injured by defective conditions on private property while the officers are present upon such property in the CT Page 4716 performance of their duties." Furstein v. Hill, supra, 620. "The very nature of police work and fire fighting is to confront danger. The purpose of these professions is to protect the public. . . . [T]he public should not be liable for damages for injuries occurring in the performance of the very function police officers and fire fighters are intended to fulfill." (Citation omitted; internal quotation marks omitted.) Furstein v. Hill, supra, 618.
Connecticut courts have not yet extended the firefighter's rule to public employees such as Estefan, an airport administrator. This court sees no reason to extend the firefighter's rule in the present case. The motion to strike counts one and two is, accordingly, denied.
Moraghan, J.