IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief February 28, 2005

# DOUGLAS McPHERSON v. SHEA EAR CLINIC, P.A.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003839-03      Rita L. Stotts, Judge**

---

**No. W2004-00690-COA-R3-CV - Filed May 18, 2005**

---

The trial court granted Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.  Having reviewed the complaint, we disagree and reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Douglas McPherson, *Pro Se*.

Jeffrey A. Land, Memphis, Tennessee, for the appellee, Shea Ear Clinic, P.A.

## OPINION

This appeal results from an order of the trial court granting the Defendant's motion to dismiss filed pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  This matter began in general sessions court when the Plaintiff, Douglas McPherson (Mr. McPherson or Plaintiff), filed a civil warrant designating the Defendant as "Shea Ear Clinic, c/o: John J. Shea, Jr., M.D"[1] (Shea Clinic or Defendant).  Judgment was entered for the Defendant and Mr. McPherson appealed to circuit court.  Mr. McPherson appeared pro se throughout these proceedings.

A civil action in the general sessions courts is commenced by a civil warrant.  Tenn. Code Ann. § 16-15-722.  This statute sets forth the form to be used.  The civil warrant in the instant case states in the area provided for a statement of the cause of action the following: "See attached complaint dated 5-5-03."  Attached to the civil warrant is a document styled complaint which states, in pertinent part, as follows:

---

[1]Pleadings filed by the Defendant state the correct name is "Shea Ear Clinic, P.A."

CAUSE OF ACTION & BASIS OF THIS COMPLAINT

1. Plaintiff suffers hearing loss, tinnitus and related symptoms. On January 13, 2003, Plaintiff was scheduled and expected to receive corrective laser injected treatment known as "xylocaine perfusion" at Shea Ear Clinic. Plaintiff is not aware of any other facility where this highly specialized "otolaryngology" treatment is available. This treatment is professionally classified as "CPT code 69801" services for billing purposes.

2. Defendant Shea Ear Clinic, c/o: John J. Shea, Jr., M.D., is or was, obligated under a Private Healthcare Systems (PHCS) understanding with Care Entree, The Capella Group, Inc., P. O. Box 200368, Arlington, TX 76006. The Capella Group, Inc. is a corporation parent company of "Care Entree" medical plan that enrolls members on a monthly fee, providing access to savings for medical services through a contracted network of medical "Providers." The Care Entree medical plan engaged in a multi-state business including doing business in Tennessee with the Defendant. Pursuant to the Care Entree medical plan contract, Defendant was obligated to provide "CPT code 69801" services to individuals enrolled in the medical plan for a "contracted charge" fee, while Care Entree marketed "Provider" services in a manner that included using internet exposure. Plaintiff was enrolled in the Care Entree medical plan for PHCS coverage (including "CPT code 69801" services) pursuant to his Member ID: 900226171, which was in effect at all relevant times (Exhibit A).

3. Defendant's "CPT code 69801" Provider services at a "contracted charge" fee were marketed as being available to Plaintiff on December 09, 2002, when he made arrangement with Defendant to schedule him the "earliest surgery opening available." Plaintiff was advised the earliest date available was January 13, 2003. Plaintiff's understanding with Defendant (Exhibit B) was that "CPT code 69801" services were to be paid for by Plaintiff on January 13, 2003 at the "contracted charge" fee pursuant to the Care Entree PHCS medical plan, in which Defendant participated as a "Provider" under a specialty heading of "Otolaryngology" (Exhibit C). Before December 09, 2002, there had been previous correspondence, communication and contact between Defendant and Plaintiff since early that year. Just a couple of days prior to the January 13, 2003 scheduled surgery, Plaintiff re-confirmed by phone, his upcoming appointment with a Shea Ear Clinic appointment Secretary (910/761-9720) who did not advise of any change in the charges or any problem in pre-certification and registration process. Plaintiff was also assured by Care Entree "Member Services" (888/411-3888) and Internet marketing (CareEntree.com), that Defendant is a participating "Provider" in the Care Entree medical plan network under the specialty heading of "Otolaryngology."

4.  Defendant harmfully failed to notify Plaintiff prior to the afternoon of January 13, 2003, and only after pre-surgery testing had been done, that "CPT code 69801" services were no longer available at the agreed upon "contracted charge" fee because of a change in Defendant's arrangement as a participating Provider in the Care Entree PHCS medical plan.  This change caused Plaintiff to be denied the much needed medical attention, which he could not afford due to the unscheduled increase[] in cost.  After Plaintiff had undergone pre-surgery testing, Defendant refused to perform the scheduled afternoon surgery for the pre-arranged fee that since December 09, 2002, had been quoted and budgeted for, and Plaintiff was prepared to pay after the anticipated services had been completed.  Before Defendant would commence the scheduled afternoon surgery, an additional $3,031 was [] added to the costs, in addition to the pre-arranged fee Plaintiff was expecting to pay.  Plaintiff could not afford this unscheduled additional cost of $3,031, and was thus unable to receive the highly anticipated surgery.

Our standard of review is set forth in *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. Ct. App. 1992), as follows:

> The sole purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to test the legal sufficiency of the complaint.  *Sanders v. Vinson*, 558 S.W.2d 838, 840 (Tenn. 1977); *Holloway v. Putnum County*, 534 S.W.2d 292, 296 (Tenn. 1976). These motions are not favored, *see Moore v. Bell*, 187 Tenn. 366, 369, 215 S.W.2d 787, 789 (1`948), and are now rarely granted in light of the liberal pleading standards in the Tennessee Rules of Civil Procedure.  *See Barish v. Metropolitan Gov't*, 627 S.W.2d 953, 954 (Tenn. Ct. App. 1981); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 1356 & 1357 (2d ed. 1990) ("Wright & Miller").
>
> Tenn. R. Civ. P. 12.02(6) motions are not designed to correct inartfully worded pleadings.  Wright & Miller § 1356, at 296.  And so a complaint should not be dismissed, no matter how poorly drafted, if it states a cause of action.  *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 50-51, 407 S.W.2d 150, 152 (1966); *Collier v. Slayden Bros. Ltd. Partnership*, 712 S.W.2d 106, 108 (Tenn. Ct. App 1985).  Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when no set of facts will entitle the plaintiff to relief, *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984), or when the complaint if totally lacking in clarity and specificity. *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986).
>
> While it is not our role to create claims where none exist, *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977), we must always look to the substance of a pleading rather than to its form.  *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).  Thus, when a complaint is tested by a Tenn. R. Civ. P. 12.02(6) motion to dismiss, we must take all the well-pleaded, material factual allegations as true, and we must construe the complaint liberally in the plaintiff's favor.  *Lewis v. Allen*, 698

S.W.2d 58, 59 (Tenn. 1985); *Holloway v. Putnam County*, 534 S.W.2d at 296, *Lilly v. Smith*, 790 S.W.2d 539, 540 (Tenn. Ct. App. 1990).

*Id*. at 273-274.

Circuit courts should not dismiss cases appealed from general sessions court because of "any informality whatever, but shall be tried on its merits; . . ." Tenn. Code Ann. § 16-15-729 (Supp. 2004). While the Tennessee Rules of Civil Procedure apply to cases appealed from general sessions court to circuit court, the parties are not required to file formal pleadings. They may, however, file pleadings, engage in discovery and take advantage of the procedural tools provided in said rules. *See Ware v. Meharry Med. College*, 898 S.W.2d 181, 185 (Tenn. 1995).

As this Court stated in *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn Ct. App. 1988), "[*p*]*ro se* litigants are entitled to the same liberality of construction with regard to their pleadings that Tenn. R. Civ. P. 1, 8.05 & 8.06 afford any other litigant."

As we construe the complaint, it alleges that Mr. McPherson was enrolled in the Care Entree medical plan for Private Healthcare Systems (PHCS) coverage. Members are enrolled on a monthly fee, providing access to savings for medical services through a contracted network of medical "providers." It is further alleged the Defendant participated as a provider. The Defendant was obligated under this plan to provide "CPT Code 69801" services to individuals enrolled in the plan for a contracted fee. It is alleged that the Plaintiff suffers hearing loss, tinnitus and related symptoms and was scheduled to receive corrective laser injected treatment known as "xylocaine perfusion" at Shea Clinic. The Plaintiff contacted the clinic and his surgery was scheduled. He was assured by Care Entree that Defendant was a participating provider. After undergoing pre-surgery testing, it is alleged that the Defendant refused to perform the scheduled surgery for the pre-arranged fee that Plaintiff had been quoted. Plaintiff alleges that he could not afford to pay the increased fee, an additional $3,031.

The brief filed in behalf of the Appellee states general principles concerning a motion to dismiss but does not articulate why the complaint in this cause fails to state a cause of action. Appellee's brief does refer to an affidavit of Dr. John J. Shea, Jr. However, the brief makes no reference to the record and we do not find such affidavit in the record before us.

Construing this complaint liberally in the Plaintiff's favor, as we are compelled to do, we are unable to say that the pleading filed in this cause fails to state a complaint upon which relief may be granted.

The Appellant further contends that the trial court failed to grant him accommodations required by the Americans with Disabilities Act. The record reflects that Mr. McPherson, on more than one occasion, notified the trial court, by pleadings and correspondence to the trial court clerk, that he suffered from hearing loss and required reasonable accommodations and facilities. We are

unable to determine from the record before us whether this was addressed by the trial court. However, upon remand, the trial court shall address this issue.[2]

The Appellant further contends that the trial judge should have recused herself. We find no motion for recusal in this record and thus find this issue to be without merit.

In view of our opinion reversing the order of the trial court dismissing this cause, the remaining issues presented by the Appellant are pretermitted. It results that the order of the trial court granting the Defendant's motion to dismiss is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, Shea Ear Clinic, P.A.

 

 

                        _____
                        DAVID R. FARMER, JUDGE

---

[2]By order of March 21, 2005, the Tennessee Supreme Court approved for implementation the "Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs" established by the Administrative Director of the Courts. This policy is set out in Appendix A to that order. Included in the policy is a form titled "Request for Modification."