IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
April 1, 2016 Session

## MARCUS BELTON, ET AL. v. CITY OF MEMPHIS, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT00390714     Robert Samual Weiss, Judge**

_____

**No. W2015-01785-COA-R3-CV – Filed May 10, 2016**
_____

Plaintiff/Appellant appeals from the dismissal of his civil rights claims based upon the expiration of the one-year statute of limitations contained in Tennessee Code Annotated Section 28-3-104. Because Appellant's complaint, taken as true at the motion to dismiss stage, sufficiently alleges post-contract formation conduct on the part of the Defendants/Appellees, we conclude that the four-year federal catchall statute of limitations under 28 U.S.C. § 1658 applies to Appellant's claims in this case. Accordingly, we reverse the trial court's dismissal of Appellant's civil rights claims and remand for further proceedings. Because Appellant did not designate the dismissal of his state law contract claims as issues on appeal, however, we affirm the dismissal of those claims.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Reversed in Part; and Remanded

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, and BRANDON O. GIBSON, JJ., joined.

Drayton D. Berkley, Memphis, Tennessee, for the appellant, Marcus Belton.

Donald A. Donati and Bryce W. Ashby, Memphis, Tennessee, for the appellee, A C Wharton.

Sean Antone Hunt and Salwa Adnan Bahhur, Memphis, Tennessee, for the appellees, City of Memphis and Martha Lott.

# OPINION

## Background

On September 12, 2014, Plaintiff/Appellant Marcus Belton ("Appellant"), individually and d/b/a Big Foot Tires and Trucking ("Big Foot"), filed a complaint against Defendant/Appellees the City of Memphis ("the City"), A C Wharton in his individual and official capacity as Mayor of the City ("Mayor Wharton"), and Martha Lott in her individual and official capacity as Director of General Services for the City (collectively, "Appellees"), alleging breach of contract and various violations of the federal Civil Rights Act ("Civil Rights Act"), 42 U.S.C. §§ 1981, 1983, 1988. Appellant asserted that in August 2010, the City of Memphis solicited bids for a contract to replace its tire fleet servicer and that Appellant, an African-American, was the successful bidder through his company Big Foot. According to Appellant, he entered into a "one-year contract with a three-year extension option." Thus, Appellant alleged there was a four-year commitment, evidenced by various purchase orders, memorandums, and verbal terms. According to the complaint, Appellant was induced by City employees to move his business location in order to maintain the contract. Despite his acquiescence to the City's alleged directive that he move his business, Appellant alleged in his complaint that the City advised Appellant in October 2012 that it was "terminating his services and his contract," despite the fact that he had never received a negative evaluation from the City. The City thereafter contracted with two majority Caucasian firms for the services that Big Foot had previously provided. Appellant requested "not less than" $3,000,000.00 in compensatory damages and $3,000,000.00 in punitive damages.

The City moved to dismiss the complaint based upon the expiration of the applicable one-year statute of limitations, Tennessee Code Annotated Section 28-3-104, and the expiration of the term of the contract in October 2012. The City attached to its motion what it represented to be the written contract between the parties. Appellant responded that the four-year statute of limitations under 28 U.S.C. § 1658 applied. Specifically, Appellant asserted that the parties had an ongoing contract that was not set to expire in October 2012 when the City wrongfully terminated the contract. The City's motion was granted when Appellant's attorney failed to appear at the hearing on the motion to dismiss.

Mayor Wharton filed his own motion to dismiss based upon the expiration of the statute of limitations and the fact that he could not be sued in his individual capacity under Section 1981. The trial court granted Mayor Wharton's motion, concluding that the statute of limitations had expired because the claim involved the failure to enter into a new contract, falling within the ambit of the Section 28-3-104 statute of limitations, rather than the 28 U.S.C. §1658 statute of limitations. The trial court thus granted Mayor

Wharton's motion to dismiss because the one-year statute of limitations contained in Section 28-3-104 had expired. The trial court also indicated that the complaint alleged no actions taken by Mayor Wharton in his individual capacity. Ms. Lott subsequently filed a motion to dismiss the claims against her, again on the basis of the expiration of the one-year statute of limitations. Ms. Lott's motion was granted by order of June 3, 2015. Appellant filed a motion to alter or amend, which the trial court eventually denied. Appellant thereafter appealed to this Court.

## Issues Presented

Appellant raises several issues, which are taken, and slightly restated, from his appellate brief:

> 1.    The trial court erred in finding that a written contract cannot orally be modified.
> 2.    The trial court failed to apply the four (4) year statute of limitations found at 28 U.S.C. § 1658, which applies to Appellant's 42 U.S.C. § 1983, § 1981, and § 1988 claims.
> 3.    The trial court erred in failing to conclude that § 1983 imposes individual liability against a municipal employee for actions taken in his municipal capacity.
> 4.    The trial court erred in failing to find that Ms. Lott and Mayor Wharton are subject to § 1981 liability via § 1983 in their personal or individual capacity and they are not entitled to qualified immunity.
> 5.    The trial court was not authorized to convert any motion to dismiss to a summary judgment motion without notice and an opportunity to conduct discovery.
> 6.    The trial court's orders and judgment violate the standard for granting a motion to dismiss for failure to state a claim.

In the posture of appellee, Appellees raise an additional issue, arguing that regardless of whether Appellant's complaint concerns pre-contract formation conduct, the 28 U.S.C. §1658 statute of limitations does not apply to 42 U.S.C. § 1983 claims against state actors.

## Standard of Review

Here, some confusion exists as to what standard of review is applicable in this case: the standard applicable to motions to dismiss for failure to state a claim, *see* Tenn. Civ. P. R. 12.02(6), or the standard applicable in reviewing orders granting or denying

motions for summary judgment. *See* Tenn. R. Civ. P. 56. Under the standard of review applicable to motions to dismiss, review is "limited to an examination of the complaint alone." *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 537 (Tenn. Ct. App. 2012) (citing *Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990)). "The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law." *PNC*, 387 S.W.3d at 537 (citing *Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975)).[1] In contrast, when considering a motion for summary judgment, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing Tenn. R. Civ. P. 56.04). When a properly supported motion for summary judgment is made, "to survive summary judgment, the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Rye*, 477 S.W.3d at 265 (Tenn. 2015) (citing Tenn. R.

---

[1] As the *PNC* Court further explained:

> Although allegations of pure legal conclusion will not sustain a complaint, see *Ruth v. Ruth*, 213 Tenn. 82, 372 S.W.2d 285, 287 (1963), a complaint "need not contain in minute detail the facts that give rise to the claim," so long as the complaint does "contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977); *White v. Revco Discount Drug Centers*, 33 S.W.3d 713, 718, 725 (Tenn. 2000); *accord*, *Givens v. Mullikin ex rel. McElwaney*, 75 S.W.3d 383, 391, 399, 403–404 (Tenn. 2002). In short, a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted, and such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *Bell ex rel. Snyder v. Icard*, 986 S.W.2d 550, 554 (Tenn. 1999). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook ex. rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn.1994). However, we are not required to accept as true factual inferences or conclusions of law. *Riggs v. Burson*, 941 S.W.2d 44, 47–48 (Tenn.1997). An appellate court should uphold the grant of a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

*PNC*, 387 S.W.3d at 537–38.

Civ. P. 56.06). Thus, while a motion to dismiss focuses only on the allegations made by the plaintiff in his or her complaint, a motion for summary judgment often depends on the evidence presented by the non-moving party.

In this case, all three Appellees filed motions to dismiss, rather than motions for summary judgment. In its order dismissing the City, the trial court titled its order as an "Order Granting City of Memphis' Motion to Dismiss," but indicated that it was applying the summary judgment standard. The same is true with regard to the order granting Ms. Lott's motion. The order granting Mayor Wharton's motion, however, did not indicate that it was relying on the summary judgment standard.

Here, there is no dispute that the parties attached various documents to their motions and responses for the trial court's consideration. Appellant asserts that by relying on these documents, Appellees' motions to dismiss were converted to motions for summary judgment. Indeed, Rule 12.02 provides, in relevant part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, where a trial court considers matters outside the pleadings, a motion to dismiss is converted to a motion for summary judgment and an appropriate opportunity for discovery must be provided to the parties. *See Farmer v. Hersh*, No. W2006-01937-COA-R3CV, 2007 WL 2264435, at *4 (Tenn. Ct. App. Aug. 9, 2007) ("Thus, under the rule, a motion to dismiss must be treated as a motion for summary judgment when matters outside the complaint are submitted and are not excluded by the court, provided that all parties are given a "reasonable opportunity" to present all relevant material.").

In our view, this case involves two distinct classes of documents: (1) the written contract between the parties; and (2) other documents. Here, we cannot agree that the trial court was required to convert the Appellees' motions to dismiss to motions for summary judgment by its consideration of the documents that constitute the parties' contract. "Whether the trial court erred in treating [a] motion to dismiss as one for summary judgment is a question of law subject to *de novo* review with no presumption of correctness in the trial court's decision." *Farmer*, 2007 WL 2264435, at *3.

As discussed in detail later in this Opinion, a central issue to this case is whether there was an ongoing contractual relationship between the parties that was wrongfully

terminated. Thus, a substantial portion of this case "is founded upon a written instrument other than a policy of insurance," i.e., the parties' service contract. Tenn. R. Civ. P. 10.03. Because the claims in this case, or more specifically the claims' timeliness, are predicated on the existence of a contract between the parties, Appellant was required to attach to his complaint a copy of the documents constituting the contract. Indeed, Rule 10.03 of the Tennessee Rules of Civil Procedure provides:

> Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit unless the instrument is (1) a matter of public record in the county in which the action is commenced and its location in the record is set forth in the pleading; (2) in the possession of the adverse party and this fact is stated in the pleading; (3) inaccessible to the pleader or is of such nature that attaching the instrument would be unnecessary or impracticable and this fact is stated in the pleading, together with the reason therefor. Every exhibit so attached or referred to under (1) and (2) shall be a part of the pleading for all purposes.

Here, Appellant admitted in his complaint that various documents existed that constituted the parties' agreement. However, Appellant failed to attach to his complaint any of these documents so as to satisfy Rule 10.03.

Appellant contends, however, that he was not required to attach the relevant contractual documents because the documents constitute public records pursuant to the first exception contained in Rule 10.03. We note, however, that Appellant's complaint does not include the "location in the record" of the relevant documents as required to comply with the exception in Rule 10.03.[2] In addition, regardless of whether the Appellant was required to attach the document as an exhibit or merely reference the document in the complaint as a public record, Rule 10.03 clearly states that such documents "shall be a part of the pleading for all purposes." Indeed, Appellant conceded in his response to Ms. Lott's motion to dismiss that "[m]atters of public record, such as [the contracts in this case], should not form the basis of a conversion f[ro]m a Rule 12.02(6) Motion to a Rule 56 Motion." Thus, where documents are required to be attached to a complaint in conformity with Rule 10.03, consideration of those documents by the trial court does not convert a motion to dismiss to a motion for summary judgment. *See **Samick Music Corp. v. Hoy***, No. M2008-00441-COA-R3-CV, 2008 WL

---

[2] Appellant did attach a document indicating the location of the relevant public records to his response to the City's motion to dismiss.

4682216, at *1 (Tenn. Ct. App. Oct. 22, 2008) ("A trial court should review only the complaint, **and any exhibits attached in accordance with Tenn. R. Civ. P. 10.03**, when considering a motion to dismiss, and matters outside the pleadings should not be considered.") (emphasis added) (citing *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)); *Marceaux v. Thompson*, 212 S.W.3d 263, 266 (Tenn. Ct. App. 2006); *Pendleton v. Mills*, 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001)). Furthermore, a plaintiff should not be entitled to avoid a motion to dismiss in reliance upon Rule 10.03 exhibits by simply shirking its duty to properly attach such exhibits. Because there is no dispute that the documents in the record are the authentic contracts between the parties, the trial court was entitled to rely upon the contracts in deciding the motions to dismiss without converting the motions to summary judgment motions.

The trial court, however, did not rely solely on the pleadings and the parties' written contracts in reaching a decision in this case. Instead, in the trial court's order granting the City's motion to dismiss, the trial court referenced a letter purportedly written by Appellant regarding the termination of the contract. This document was not made part of the pleadings by operation of Rule 10.03. Therefore, the trial court's consideration of this letter did, in fact, convert the City's motion to dismiss into a motion for summary judgment. Furthermore, in granting both the City's and Ms. Lott's motions to dismiss, the trial court indicated that its decision was based upon a lack of proof regarding a modification or extension of the parties' contract. Clearly, the lack of proof is a factual issue appropriate for resolution by summary judgment, rather than a motion to dismiss. We, therefore, conclude that the trial court did convert the motions to dismiss filed by the City and Ms. Lott into motions for summary judgment.

Because the City's and Ms. Lott's motions were converted to summary judgment, Appellant argues that the trial court violated Rule 12.02 in ruling on the motions without notice and an opportunity to conduct appropriate discovery. As previously discussed, Rule 12.02 specifically provides that a motion to dismiss may only be converted to a motion for summary judgment after "all parties [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." This Court has held that if the trial court intends to treat a motion to dismiss as a motion for summary judgment, it must "notify the parties that it has made the conversion." *Staats v. McKinnon*, 206 S.W.3d 532, 543 n.14 (Tenn. Ct. App. 2006). As explained by this Court:

> Because of the significant differences between the consideration of motions to dismiss and motions for summary judgment, it is important for trial courts to give the parties notice of the changed status of the motion and a reasonable opportunity to present all pertinent Tenn. R. Civ. P. 56 materials. . . . Formal notice of the trial court's decision either to consider or to exclude extraneous factual matters

> eliminates the possibility of confusion and misunderstanding concerning the posture of the proceedings.
>
> * * *
>
> A trial court's failure to give formal notice of conversion ordinarily will not constitute reversible error unless the non-moving party was prejudiced by lack of notice. However, where courts have reason, based on allegations in the record, to believe that a non-movant with proper notice could have established a genuine, material factual dispute, reversible error exists.

*Teaster v. Tenn. Dep't of Corr.*, No. 01A01-9608-CH-00358, 1998 WL 195963, at *3 (Tenn. Ct. App. Apr. 24, 1998) (internal citation omitted) (citing 2A James W. Moore, *Moore's Federal Practice* ¶ 12.09[3] (2d ed. 1995); 5A Wright & Miller, *Federal Practice and Procedure*, § 1366, at 501 (2d ed.1990)); *see also* **Laidlaw Envtl. Servs. of S. Carolina, Inc. v. Metro. Gov't of Nashville & Davidson Cty.**, No. 01A01-9610-CH-00479, 1997 WL 706614, at *4 (Tenn. Ct. App. Nov. 14, 1997) ("[F]ailure to give this notice is not reversible error if the parties had actual notice of the conversion of the motion and were not otherwise prejudiced by the lack of formal notice."); **Cole v. Tenn. Bd. of Paroles**, No. 01-A-01-9605-CH00216, 1996 WL 502135, at *3 (Tenn. Ct. App. Sept. 6, 1996) (same).

Here, there is no dispute that the trial court did not provide Appellant formal notice of its intent to consider matters outside the pleadings or the parties' written contract. Neither party specifically addresses whether prejudice resulted from the trial court's failure to do so. In our view, because the trial court specifically considered the lack of proof presented by Appellant on its claims, the fact that Appellant had no notice that it was required to present proof at this stage in the litigation was prejudicial. Under these circumstances, the trial court erred in applying the summary judgment standard to Appellant's claims against the City and Ms. Lott.[3] Because, however, the trial court was entitled to consider the pleadings and the parties' written contract in determining Appellees' motions to dismiss based upon the expiration of the statute of limitations, we will make a fresh determination on appeal of whether Appellant's claims survive under the appropriate motion to dismiss standard, discussed *supra*.

**Discussion**

**I.**

---

[3] As previously discussed, the trial court did not reference summary judgment in dismissing the claims against Mayor Wharton.

In his complaint, Appellant alleges violations of 42 U.S.C. §§ 1981, 1983, and 1988, as well as the applicability of the federal statute of limitations under 28 U.S.C. § 1658. Section 1981 outlines the rights protected by the Civil Rights Act, stating:

> **(a) Statement of equal rights**
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. Appellant alleges that Appellees engaged in discriminatory conduct that violated Section 1981's prohibition against discrimination in the "mak[ing] and enforce[ment] [of] contracts." Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of Section 1981 violations must be brought pursuant to Section 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S. Ct. 2702, 2723, 105 L. Ed. 2d 598 (1989). Section 1988 explains the procedures applicable when raising a claim under the Civil Rights Act. *See generally* 42 U.S.C. § 1988. Finally, Section 1658(a) provides a four-year statute of limitations for civil claims "arising under an Act of Congress enacted after the date of the enactment of this section."

The crux of this appeal concerns whether the four-year federal statute of limitations contained in Section 1658 applies to this case. There is no dispute that the alleged discriminatory conduct in this case occurred in 2012, nearly two years before Appellant filed his complaint. Consequently, if the complaint alleges facts sufficient for the application of the four-year statute of limitations under 28 U.S.C. §1658, dismissal was inappropriate. In contrast, if Appellees are correct that the one-year statute of limitations under Tennessee Code Annotated Section 28-3-104 is applicable, then the trial court correctly dismissed Appellant's claims.[4]

---

[4] Appellant's complaint also alleged state law breach of contract. The order granting Mayor Wharton's motion to dismiss specifically stated that any breach of contract claim against Mayor Wharton could not lie. Although the orders dismissing the City and Ms. Lott did not specifically reference dismissal of the contract claims, both orders indicated that "this matter" was dismissed as to each party. Furthermore, the order granting Ms. Lott's motion to dismiss states that "this order resolves all of the remaining issues and dismisses the last of all remaining parties." The trial court, therefore, ultimately dismissed the contractual claims as to each party.

Although Appellant mentions the dismissal of his breach of contract action in a single footnote in the argument section of his brief, Appellant failed to designate the dismissal of his state law contract

The United States Supreme Court explained the scope of the 28 U.S.C. § 1658 statute of limitations in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). In *Jones*, current and former African-American employees sued their employer for race discrimination under 28 U.S.C. § 1981. The employer filed a motion for summary judgment on the ground that the applicable statute of limitations had expired. *Id.* at 371.

The Supreme Court first noted that it had previously held that because Section 1981 contained no statute of limitations, "courts should apply 'the most appropriate or analogous state statute of limitations' to claims based on asserted violations of § 1981." *Id.* at 371 (quoting *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987)). In this case, there is no dispute that the "most appropriate" Tennessee statute of limitations for this action is found at Tennessee Code Annotated Section 28-3-104, which provides that civil actions under the federal civil rights statutes are subject to a one-year limitations period.[5]

In response, Congress enacted 28 U.S.C. § 1658, which provided in part: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). Thus, the Supreme Court held that this four-year "catchall" statute of limitations applied to "actions arising under federal statutes enacted after December 1, 1990." *Jones*, 541 U.S. at 382. Causes of action that arise under federal statutes enacted before December 1, 1990, however, remained governed "by the personal injury statute of limitations of the forum State." *Id.* at 371.

---

claims as issues in his appellate brief. "We consider an issue waived where it is argued in the brief but not designated as an issue." *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). Consequently, we decline to address Appellant's contention that his contract claims must be reinstated. The trial court's rulings dismissing Appellant's state law contract claims are therefore affirmed.

[5] Specifically, Tennessee Code Annotated Section 28-3-104(a)(1) provides in relevant part:

> [T]he following actions shall be commenced within one (1) year after the cause of action accrued:
>
> (A) Actions for libel, injuries to the person, false imprisonment, malicious prosecution, or breach of marriage promise;
>
> (B) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and
>
> (C) Actions for statutory penalties.

The dispositive question that this Court must answer, then, is whether Appellant's claims raise a cause of action arising from a post-December 1, 1990 federal enactment or a pre-December 1, 1990 federal enactment. As the Supreme Court explained in *Jones*, the version of Section 1981 in existence prior to 1991 provided that "all persons [within the jurisdiction of the United States] shall have the same right, in every State and Territory . . . to make and enforce contracts . . . as is enjoyed by white citizens." *Jones*, 541 U.S. at 372 (quoting 14 Stat. 27). The Supreme Court recognized in 1989 that the above language provides protection:

> [O]nly to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment. The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms.

*Patterson v. McLean Credit Union*, 491 U.S. 164, 176–77, 109 S. Ct. 2363, 2372, 105 L. Ed. 2d 132 (U.S. 1989) (superseded by statute as discussed *infra*). Thus, the pre-December 1, 1990 version of Section 1981 provided protection for claims involving "the refusal to enter into a contract with someone on the basis of race and protection against racial discrimination that infects the legal process in ways that prevent one from enforcing contractual rights." *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 368 (5th Cir. 2008) (citing *Patterson*, 491 U.S. at 176–77). Claims involving the failure to enter into a new contract, therefore, do not fall within the four-year catchall federal statute of limitations, and instead are governed by the applicable statute of limitations of the forum.

In 1991, however, Congress enacted the Civil Rights Act of 1991, "with the design to supersede *Patterson*" by "explicitly defin[ing] the scope of § 1981 to include post-contract-formation conduct[.]" *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 450–51, 128 S. Ct. 1951, 1957–58, 170 L. Ed. 2d 864 (2008) (citing 42 U.S.C. § 1981(b)). The current version of Section 1981 specifically defines the "make and enforce contracts" language in the statute to include post-formation modification and termination:

> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981. Because a cause of action for post-contract formation conduct arose only from a post-December 1, 1990 amendment to Section 1981, claims involving this cause of action fall within the four-year federal catchall statute of limitations. *Jones*, 541 U.S. at 384. In order to determine which statute of limitations is applicable in this case, we must therefore determine whether Appellant's claims involve allegations of pre-contract formation or post-contract formation conduct.

In his complaint, Appellant makes the following allegations regarding the contract at issue in this case:

> 5. That on or about August 2010, City conducted a bidding process to award a contract to replace its terminated tire fleet servicer, Around Town Tire and Trucking.
>
> 6. Big Foot was the successful bidder and the City began to contract with him in October 2010 through a series of purchase orders, memorandums, checks, proposals, and verbal terms. These documents and statements collectively constitute the terms of the agreement. (hereinafter "Agreement").
>
> 7. The relevant terms of the Agreement were that: (1) this would be four (4) year commitment composed of a one year contract with a 3 year extension option and (2) the City would pay his invoices timely (3) Belton would service the tire[s] of entire fleet of City vehicles.
>
> 8. **Sometime after contract formation**, General Services employees] of the City induced Belton to Relocate his business from Watkins Street to the Thomas [S]treet location. As part of the inducement, the City advised Belton that it could not continue the contract unless he relocated to a more suitable location. In response to the City's request, Belton relocated his business from Watkins Street to Thomas [S]treet. The rent expense for the Thomas location was significantly greater that the Watkins location. Therefore, Big Foot was dependent on the City's prompt payment of his invoices in order to service his rental and other overhead obligations. On information and belief, City knew that Big Foot was dependent on its prompt payment of its invoices to properly service the rental expense at the Thomas street location. Big Foot changed his position in moving to a higher rent location at the insistence of the City and therefore the City is estopped from denying an express cont[r]act existed

between the City and Big Foot. Big Foot relied to his detriment.

9. In [or] about March 2012, City began to alter the Fleet Services tire contract specification and eventually contracted with two Caucasian majority owned firms to perform Fleet Service tire services: (1) Southern Tire Mart of Columbus, Mississippi and (2) Steepleton, Inc. These two companies split Big Foot's responsibilities to various portions of the Fleet and corresponding rights to payments. On information and belief Lott approved these contracts under her delegated policymaker authority from Wharton.

10. On or about October 2012, [Ms.] Lott [as the City's agent] advised Belton that the City was terminating his services and his contract. . . .

11. [Ms.] Lott's actions in terminating Big Foot's contract and awarding the contract to Caucasian replacements constitutes a violation of Big Foots rights pursuant to the Equal Protection Clause "as applied" and 42 USC § 1981. . . .

(Emphasis added) (footnote omitted). Appellant contends that the above allegations, if taken as true under the motion to dismiss standard of review,[6] clearly establish that his claims involve alleged discrimination that occurred after contract formation. Accordingly, Appellant argues that the four-year federal catchall statute of limitations should apply to this case.

Appellees contend, however, that the documents in the record that constitute the parties' agreement tell a different story—that the parties' agreement had terminated by its own terms in October 2012 and that Appellant's claims actually involve the failure to enter into a new contract. The record contains several documents that purport to constitute the contract between the parties. In addition, Appellant attached to his response to the City's motion to dismiss a document indicating, for the first time, the location of

---

[6] When considering a motion to dismiss for failure to state a claim:

> [T]he court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook ex. rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). However, we are not required to accept as true factual inferences or conclusions of law. *Riggs v. Burson*, 941 S.W.2d 44, 47–48 (Tenn. 1997).

*PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 538 (Tenn. Ct. App. 2012).

online records containing the parties' written contracts. The contracts submitted by the City and the contracts contained in the public record appear to be identical, and we will, therefore, consider these documents as the undisputed written agreement between the parties for purposes of this appeal pursuant to Rule 10.03. From our review of the undisputed written contracts between the parties, the most recent of these contracts indicates that it was amended to extend the contract to October 31, 2012. Because Appellant's complaint admits that the termination of the contract occurred "[o]n or about October 2012," it does appear that the contract merely expired by its written terms. Considering the undisputed written contracts in the record, it does appear that because the contract was set to terminate by its own terms in October 2012, Appellant's claims involve the failure to enter into a new contract, rather than post-contract formation termination of a continuing contract. However, our analysis does not end here.

Appellant argues that consideration of the written contracts between the parties alone is insufficient because the written documents do not constitute the parties' entire agreement. Instead, Appellant points to his complaint, which indicates that the alleged four-year agreement included not only written terms, but also "verbal terms," at least some or possibly all of which were entered into after the parties first entered into a written contract. Thus, Appellant contends that while the written contract may have expired in October 2012, he entered into an oral modification of the contract to extend its term based upon the relocation of his business.

Appellees devote little argument in their appellate briefs to the question of whether the written services contract at issue was ever modified orally by the parties. The trial court, however, ruled that the issue was resolved by the Statute of Frauds in granting the City's motion to dismiss. The City and Ms. Lott also assert in their brief to this Court that the parol evidence rule bars any consideration of an oral modification of the parties' existing written contract. Appellant argues, in contrast, that the Statute of Frauds and the parol evidence rule are inapplicable in this case. We agree.

Tennessee's Statute of Frauds is codified as Tennessee Code Annotated Section 29-2-101, which provides, in pertinent part:

> (a) No action shall be brought:
>
> * * *
>
> (5) Upon any agreement or contract which is not to be performed within the space of one (1) year from the making of the agreement or contract;
> unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith,

or some other person lawfully authorized by such party. In a
contract for the sale of lands, tenements, or hereditaments, the
party to be charged is the party against whom enforcement of
the contract is sought.

There is no dispute that the above rule would apply to the purported four-year
commitment alleged in this case. Furthermore, as explained by this Court, "[t]here is a
well established rule that parol[] evidence, that is, evidence by word of mouth, cannot be
used to vary or contradict the terms of a written contract; that is, if that parol[] evidence
antecedes the actual making of the contract." *Patterson v. Anderson Motor Co.*, 45 Tenn.
App. 35, 43, 319 S.W.2d 492, 496 (1958) (quoting the trial court with approval); *see also*
11 *Williston on Contracts* § 33:26 (4th ed.) ("Courts have generally agreed that if the
parties have integrated their agreement into a single written memorial, then all prior
negotiations and agreements regarding the same subject matter, whether oral or written,
are excluded from consideration. All courts agree also that subsequent agreements may
be shown and are not rendered ineffective by the prior writing.") (emphasis added)
(footnotes omitted).

In *In re Estate of Nelson*, No. W2006-00030-COA-R3-CV, 2007 WL 851265
(Tenn. Ct. App. Mar. 22, 2007), however, this Court held that neither the Statute of
Frauds nor the parol evidence rule applies to tort claims. In *Nelson*, an estate alleged
claims of conversion, fraud, and breach of fiduciary duty against the estate's executrix.
To support its claims, the estate "invoke[ed] the parol evidence rule and the [S]tatute of
[F]rauds." The Court rejected the application of these rules, however, explaining:

With respect to the applicability of the parol evidence rule
and the statute of frauds, this tort case presents a challenge
because its resolution requires a determination of contract
rights. Under Tennessee law, however, the parol evidence
rule and statute of frauds apply only in suits for the breach or
enforcement of a contract and are thus inapplicable to tort
claims. *Jarrett v. Epperly*, 896 F.2d 1013, 1019 (6th Cir.
1990); *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d
228, 231 (Tenn. Ct. App.1 976) . . . ; *Taylor v. Rapp,
Hamilton Law CA-756*, No.1987 WL 7959, at *2 (Tenn. Ct.
App. Mar. 19, 1987). Under this authority, the [e]state may
not use the parol evidence rule or the statute of frauds to
make its case. . . .

*Nelson*, 2007 WL 851265, at *16. Thus, neither the parol evidence rule nor the Statute of
Frauds is applicable in an action that does not sound in contract. Indeed, this Court has
previously held that the Statute of Frauds "does not render oral contracts . . . void *ab*

*initio*," but merely voidable by the party against whom enforcement is sought. ***Anderson v. Hacks Crossing Partners***, 3 S.W.3d 482, 485 (Tenn. Ct. App. 1999) (citing ***Cobble v. Langford***, 190 Tenn. 385, 230 S.W.2d 194, 196 (1950)). Under this scheme, "it is generally held that the enforceability of a bargain, rather than its validity, depends on satisfaction of the Statute [of Frauds]." 10 *Williston on Contracts* § 27:3 (4th ed.). Thus, the Statute of Frauds does not determine the validity of a contract, but only whether it may be sued upon in a breach or enforcement of contract action.

Under the holding in ***Nelson*** and consistent with Tennessee jurisprudence, we conclude that neither the parol evidence rule nor the Statute of Frauds is applicable in this case. An action for discrimination under Sections 1981 and 1983 of the Civil Rights Act generally sounds in tort. *See* ***Goodman v. Lukens Steel Co.***, 482 U.S. 656, 661, 107 S. Ct. 2617, 2621, 96 L. Ed. 2d 572 (1987) (holding that claims under Section 1981 for discrimination in the making of contracts should be considered under the state's personal injury statute of limitations, i.e, treated as a tort) (superseded by statute on other grounds); *see also* ***Wallace v. Kato***, 549 U.S. 384, 387, 127 S. Ct. 1091, 1093, 166 L. Ed. 2d 973 (2007) (noting that the state personal injury statute of limitations for torts applies to Section 1983 claims and applying common-law tort principles); ***Owen v. City of Indep., Mo.***, 445 U.S. 622, 635, 100 S. Ct. 1398, 1407, 63 L. Ed. 2d 673 (1980) ("[Section] 1983 'creates a species of tort liability that on its face admits of no immunities.'") (quoting ***Imbler v. Pachtman***, 424 U.S. 409, 417, 96 S.Ct. 984, 988, 47 L.Ed.2d 128 (1976) ("[Section] 1983 is to be read in harmony with general principles of tort immunities and defenses rather than in derogation of them.")). Furthermore, the present action certainly cannot be characterized as an action "for the breach or enforcement of a contract." Appellant does not seek to enforce the alleged contract allowing him to provide services to the City. Additionally, as previously discussed, Appellant has abandoned his breach of contract action. Instead, Appellant seeks compensatory and punitive damages[7] for the discrimination that he allegedly endured when the City decided to terminate his contract in favor of a Caucasian firm.[8] Most importantly, neither party cites, nor has our research revealed a single case in the entire United States in which a State's Statute of Frauds was utilized to determine whether discriminatory conduct occurred pre-contract formation or post-contract formation for purposes of determining whether the 28 U.S.C. § 1658 federal catchall statute of limitations was applicable to a particular claim. Accordingly, we hold that both the Statute of Frauds and the parol evidence rule are inapplicable to prevent Appellant from

---

[7] Indeed, punitive damages are not typically available in a breach of contract action. *See* ***Rogers v. Louisville Land Co.***, 367 S.W.3d 196, 211 n. 2 (Tenn. 2012) (discussing certain exceptions).

[8] As Appellant asserts that he entered into a four-year commitment with the City, by his calculation, it appears that the contract was set to terminate by its own terms in 2014, rather than 2012.

asserting that the parties entered into an oral modification of the written contract in this case.

Here, taking the allegations in Appellant's complaint as true, we cannot conclude that Appellant "can prove no set of facts in support of [his] claim" that the discrimination at issue in this case occurred after the parties had entered into an oral modification to extend Appellant's services to the City beyond October 2012. *PNC*, 387 S.W.3d at 538 (citing *Young*, 130 S.W.3d at 63). Again, Appellant's complaint clearly states that part of the parties' agreement was based on "verbal terms" and that the alleged discrimination occurred "[s]ometime after contract formation." While Appellees take issue on appeal with Appellant's failure to specifically name the person with whom he entered into this oral agreement and indicate that the person was an agent of the City, we note that Appellant clearly states that such oral agreement was made with the City. Furthermore, "Tennessee Rules of Civil Procedure 8.01 and 8.05 require parties to plead their claims in short, plain, simple, concise, and direct language." *Sanford v. Waugh & Co.*, 328 S.W.3d 836, 848 (Tenn. 2010). "[A] complaint need not contain 'in minute detail' the facts giving rise to the claim," but instead must contain only sufficient "allegations 'from which an inference may fairly be drawn that evidence on these material points will be introduced at trial.'" *Utter v. Sherrod*, 132 S.W.3d 344, 351 (Tenn. Ct. App. 2003) (quoting *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 704 (Tenn. 2002)). Here, because we take Appellant's allegation that he entered into this contract with this City as true, we must assume, for purposes of the Appellees' motions to dismiss, that the City, through an authorized agent, consented to the alleged modification. Under these circumstances, we conclude that Appellant's complaint contains sufficient allegations that the termination of his relationship with the City occurred after formation of a contract. As Appellant's complaint sufficiently alleges post-contract formation conduct, the 28 U.S.C. § 1658 federal catchall statute of limitations applies. Accordingly, dismissal of Appellant's civil rights claims was inappropriate, or at the very least, premature.

**II.**

Appellees raise a separate issue in their appellate briefs regarding whether the 28 U.S.C. § 1658 four-year catchall statute of limitations may even apply to Appellant's claims against Appellees as state actors. Here, there is no dispute that Appellant has alleged a violation of Section 1981 against Appellees. There also appears to be no dispute that Appellees are state, rather than private actors. As such, Appellees contend that although Appellant seeks to invoke the protections of Section 1981, Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by [Section] 1981." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S. Ct. 2702, 2723, 105 L. Ed. 2d 598 (1989). The Supreme Court has held, however, that the statute of

limitations applicable to Section 1983 actions is the applicable state personal injury statute of limitations, explaining:

> Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts.

*Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1093, 166 L. Ed. 2d 973 (2007). Indeed, the Supreme Court earlier indicated that the appropriate state statute of limitations applies "for all § 1983 claims." *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124, 125 S. Ct. 1453, 1461, 161 L. Ed. 2d 316 (2005) (citing 42 U.S.C. § 1988). Thus, Appellees argue that regardless of whether Appellant alleges discriminatory conduct that took place pre-contract formation or post-contract formation, Tennessee's one-year statute of limitations applies to any claim under Section 1981 through the vehicle of Section 1983. To quote the City's and Ms. Lott's brief, because "actions against non-state actors can be filed under [Section] 1981 directly," the Section 1658 statute of limitations may apply depending on the type of conduct alleged, as discussed above. In contrast, Appellees contend that because Section 1981 violations against state actors must be brought under Section 1983, the state statute of limitations would apply to Appellant's claim, as it would to any other claim brought under Section 1983, pursuant to the Supreme Court's holdings in *Wallace* and *Abrams*.

The United States Supreme Court has not directly addressed whether the Section 1658 federal catchall statute of limitations can apply to a Section 1981 claim brought through the vehicle of Section 1983. In *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005), however, the Supreme Court alluded in a footnote to the fact that the Section 1658 federal catchall statute of limitations "would seem to apply" to Section 1981 claims brought through the vehicle of Section 1983 where the claim involved a post-December 1, 1990 amendment to Section 1981, i.e., post-contract formation claims. *Id.* at 123 n.5 (citing *Jones*, 541 U.S. at 382).

Most recently, the United States District Court for the Eastern District of Pennsylvania had the opportunity to directly consider this issue in *Walker v. City of Coatesville*, No. CIV.A. 14-853, 2014 WL 6698304 (E.D. Pa. Nov. 26, 2014). The *Walker* Court noted that "[a]t least one circuit and several district courts . . . have found that *Jones* requires courts to apply Section 1658's four year statute of limitations to Section 1981 claims brought through Section 1983." *Id.* at *3. For example, in *Baker v. Birmingham*, 531 F.3d 1336 (11th Cir. 2008), the Eleventh Circuit Court of Appeals held that because "the plaintiff's claim against the defendant was made possible by a post-1990 enactment" in that the claim involved post-contract formation discrimination, the

Section 1658 statute of limitations should apply. *Id.* at 1338. Most other courts agreed. *See Hills v. Borough of Colwyn*, 978 F.Supp.2d 469, 477 (E.D. Pa. 2013) ("The *Jones* Court's broad reading of § 1658 . . . compels the conclusion that § 1658 provides the applicable limitations period.") (following the decision reached by the Eleventh Circuit in *Baker*); *Mveng-Whitted v. Virginia State Univ.*, 927 F.Supp.2d 275, 278–279 (E.D. Va. 2013) (noting that "[t]he weight of authority around the country supports the Eleventh Circuit's reasoning" in *Baker*); *Robinson v. City of Arkansas City, Kan.*, 896 F. Supp. 2d 1020, 1041 (D. Kan. 2012) (following *Baker*, "the only published court of appeals decision on this issue"); *Williams v. Rowan Univ.*, No. 10-6542, 2012 WL 813161, at *3 (D.N.J. March 9, 2012) ("[T]he same reasoning that controlled in *Jones* controls here, warranting application of Section 1658's four year statute of limitations."); *DeNigris v. New York City Health & Hosps. Corp.*, 861 F. Supp. 2d 185, 191 (S.D.N.Y. 2012) ("Claims brought under causes of action created by the 1991 amendments to § 1981 are subject to the federal 'catch-all' four-year statute of limitations prescribed by 28 U.S.C. § 1658. . . . The same is true when claims authorized by the 1991 amendments to § 1981 are brought against state actors under § 1983."); *Padilla v. City & Cnty. of Denver*, No. 09-CV-02930-CMA-KLM, 2011 WL 3876589, at *12 (D. Colo. Sept. 2, 2011) (applying the Section 1658 statute of limitations to plaintiff's Section 1981 claim brought through Section 1983); *Moore v. City of Jackson, Miss.*, No. 3:10CV454-DPJ-FKB, 2011 WL 3022525, at *2 (S.D. Miss. July 22, 2011) ("In sum, the Court finds that § 1658's four-year statute of limitations applies to [plaintiff's] § 1983 claim for § 1981 violations."); *Ortiz v. City of New York*, 755 F.Supp.2d 399, 404–08 (E.D.N.Y. 2010) ("Facing clear directive from the Supreme Court, I must characterize the cause of action as one that arises under § 1981(b), even if it results in a statute of limitation oddly springing (indirectly) from the right rather than the remedial vehicle"); *Knox v. City of Monroe*, 551 F. Supp. 2d 504, 512 (W.D. La. 2008); *Williams v. Hawkeye Cmty. Coll.*, 494 F. Supp. 2d 1032, 1041 (N.D. Iowa 2007); *Clayton v. Pa. Dep't of Pub. Welfare ex rel. Richman*, No. 4:CV 05-0768, 2007 WL 575677, at *15 (M.D. Pa. Feb. 20, 2007); *see also Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 367 (5th Cir. 2008) (considering whether plaintiff's claims brought through Section 1983 for Section 1981 violations would be governed by the Section 1658 statute of limitations, but ultimately concluding that the claims did not involve a post-December 1, 1990 enactment) (not published). *But see Blackledge v. Ala. Dep't of Mental Health & Mental Retardation*, No. CIV.A. 2:06CV321-ID, 2007 WL 3124452, at *10 (M.D. Ala. Oct. 25, 2007) ("A § 1981 claim brought against a state actor pursuant to § 1983 is subject to the statute of limitations governing § 1983 claims."); *Barroso v. N.J. Transit Corp.*, No. 07–3978, 2011 WL 111577, at *4 (D.N.J. Jan. 13, 2011) (applying the state statute of limitations without discussion of the *Jones* decision); *see also Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 668 (7th Cir. 2014) (noting that "one might argue that § 1658's four-year statute of limitations should apply" to his claim under Section 1981 through the vehicle of Section 1983, but declining to address that issue because the plaintiff "disavowed any reliance on § 1983"), *cert. denied sub nom. Campbell v. Forest*

- 19 -

*Pres. Dist. of Cook Cty., Illinois*, 135 S. Ct. 947, 190 L. Ed. 2d 829 (2015). Based on this "growing and near-unanimous chorus of judicial voices," the *Walker* Court concluded that the Section 1658 federal catchall statute of limitations should apply to a Section 1981 action brought through the vehicle of Section 1983, where the claim involves post-contract formation discrimination. *Walker*, 2014 WL 6698304, at *1.

We are likewise persuaded by the near unanimity among the federal courts on this issue. Because Appellant's complaint sufficiently alleged post-contract formation conduct, we conclude that for purposes of Appellees' motions to dismiss, we must apply the Section 1658 federal catchall statute of limitations to Appellant's claims despite the fact that Appellant raises his Section 1981 claims through the vehicle of Section 1983.

## III.

In his appellate brief, Appellant raises additional issues regarding Mayor Wharton's and Ms. Lott's individual liability and qualified immunity. From our review of the order granting Ms. Lott's motion to dismiss, the trial court did not rely on any findings or conclusions concerning Ms. Lott's individual liability or immunity; instead, the trial court solely relied upon the expiration of the statute of limitations, discussed in detail *supra*. The trial court did dismiss the breach of contract claim against Mayor Wharton, finding that Appellant "failed to point to any facts to support a claim against Defendant in his individual capacity." As previously discussed, however, Appellant raised no issue on appeal regarding the dismissal of his contract claims. The dismissal of Appellant's contract claims will, therefore, not be considered on appeal. Because the trial court did not cite issues of individual liability or immunity as reasons for its dismissal of Appellant's civil rights claims, we also decline to address these issues on appeal. These issues may, of course, be litigated upon remand to the trial court.

## Conclusion

The judgment of the Circuit Court of Shelby County is affirmed in part, reversed in part, and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellees, the City of Memphis, Mayor A C Wharton, and Martha Lott, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE